STATE of North Dakota, Plaintiff and Appellee,

v.

Gloria MORTRUD, Defendant and Appellant.

Cr. Nos. 745, 746.

Supreme Court of North Dakota.

Nov. 12, 1981.

James T. Odegard, State's Atty., Grand Forks, for plaintiff and appellee; argued by Dennis L. Molenaar, Asst. State's Atty., Grand Forks, and Norman Anderson, Senior Law Student.

Lashkowitz Law Offices, Fargo, and Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendant and appellant; argued by Herschel Lashkowitz, Fargo.

PEDERSON, Justice.

Gloria Mortrud pled guilty to the crime of theft of property before the district court of Grand Forks County. Mortrud was charged with violating §§ 12.1–23–02(1), 12.1–23–05(2)(a), and 12.1–32–01(3), NDCC.[1] She sought to withdraw her guilty plea before sentencing but the request was denied. We reverse and remand for proceedings not inconsistent with this opinion.

Mortrud raised three issues on appeal:

1. Did the acceptance of the guilty plea satisfy the requirements of Rule 11, NDRCrimP?

2. Was Gloria Mortrud entitled to have her plea of guilty withdrawn?

3. Was Mortrud denied effective assistance of counsel?

---

1. Mortrud pled guilty to two separate crimes, the first involving the unauthorized transfer of funds by defendant "to her own private account with the intent to deprive the owners thereof," and the second involving the passing of checks with insufficient funds in the defendant's checking account.

## I.

Mortrud, represented by privately retained counsel, was arraigned on November 5, 1979 and entered a plea of not guilty to all the charges. On February 20, 1980, the day set for the jury trial, Mortrud again appeared before the district court. At that time, the state's attorney presented in open court an executed Rule 11 plea agreement, stating, in part, that "on the plea of guilty the defendant, Gloria A. Mortrud, be sentenced to two years in the North Dakota State Penitentiary and that sentence be suspended for a like period upon full and complete restitution prior to the date of sentence . . . ."

The court, as authorized by Rules 11(d)(2) and 11(d)(4), NDRCrimP, rejected the plea agreement and advised Mortrud that she could persist in her guilty plea, in which case the disposition of the case might be less favorable to her than contemplated by the plea agreement, or she could withdraw it and proceed to trial. Mortrud's counsel said that he was not prepared to go to trial on that day. He was granted a ten-minute recess to confer with Mortrud.

After the recess, Mortrud's counsel asked that the plea of guilty remain, whereupon the court again advised Mortrud that the disposition of the case may be less favorable to her than contemplated by the plea agreement. A date for a restitution hearing was then set pursuant to § 12.1–32–08, NDCC.

Restitution hearings were held by the court on May 12 and May 27, 1980, and testimony was taken relating to the charges against Mortrud. The court reconvened on July 29, 1980 to sentence Mortrud and to consider defense counsel's motion to withdraw as attorney of record on the ground that Mortrud retained another attorney following the restitution hearing. The motion to withdraw as the attorney of record was granted. The new defense counsel, who was also in the courtroom at that time, immediately asked for a two-week continu-

ance or, in the alternative, offered to immediately present evidence on a motion to withdraw the plea of guilty. The court refused to receive evidence, denied the request for a continuance, and sentenced Mortrud to one year in the state penitentiary, suspended upon payment of a $2,500 fine and full restitution.

A month later, Mortrud appeared in court with her new defense counsel [2] and renewed her motion to withdraw her plea of guilty and, at this time, filed a notice of appeal and a motion for a stay of execution. The court denied the motion to withdraw the plea of guilty but granted a stay of execution of the sentence.

## II.

Rule 11, NDRCrimP, outlines the statutory requirements which the court must follow in accepting a guilty plea. These procedures are mandatory and binding upon the court. *State v. McKay*, 234 N.W.2d 853 (N.D.1975). Rule 11(c), NDRCrimP, provides:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally . . . in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement."

While inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form to conform with Rule 11. *State v. Storbakken*, 246 N.W.2d 78, 84 (N.D.1976).

The standards for determining whether or not a plea is knowing and voluntary were set out in *State v. Gilley*, 289 N.W.2d 238, 241 (N.D.1980). The defendant is in a position to make a free and rational choice among alternative courses of action open to him if he has:

(1) Adequate representation by counsel, and

(2) He has been made aware of the consequences of his guilty plea.

**2.** Mortrud had a second attorney at the sentencing hearing. It was this attorney who made the motion to withdraw the guilty plea. When the motion to withdraw the guilty plea

was renewed one month after the sentencing hearing, Mortrud was represented by a third attorney.

The record must affirmatively show, under the totality of the circumstances, that the plea of guilty was voluntary. *State v. Storbakken, supra,* 246 N.W.2d at 82. Rule 11 requires the court to address the defendant personally in order to determine the factual basis for the guilty plea and to assure that it is knowing and voluntary. Here, the court's dialogue with Mortrud failed to substantially comply with Rule 11 when viewed in these particular and limited circumstances. The extent of the court's personal dialogue with Mortrud concerning the acceptance of the guilty plea was limited to the following:

"THE COURT: Mrs. Mortrud, you have through your counsel, Mr. Maragos, and over your own signature, apparently, tendered a plea agreement in these cases which, if accepted, would call for a two-year North Dakota State Penitentiary sentence suspended upon condition of restitution being completed by date of sentencing, supervised probation with the North Dakota Parole and Probation Office. And that same plea agreement is arranged relative to case No. 7450. *Do you understand the plea agreement?*

"THE DEFENDANT: Yes, sir.

"THE COURT: And is this your signature that appears on page 2?

"THE DEFENDANT: Yes, sir.

"THE COURT: And that was executed today?

"THE DEFENDANT: Yes, sir." [Emphasis added.]

"[THE COURT]: Now today is the day set for jury trial in your case; according to the peremptory your case has priority over all others on the calendar. And the jury is to report at 10:00 this morning. Now in consideration of the plea agreement and the rule as I have stated to you and read to you at this time and in consideration of that plea agreement offered, *how now do you plead to case No. 7449, charge of theft of property relative to forging or taking checks in counts I, II and III as previously informed to you?*

"THE DEFENDANT: Guilty.

"THE COURT: And in case No. 7450, also a charge of theft of property and a number of other checks—the total amount of the checks in both cases as calculated by the Court at the time of the arraignment is $27,326.57—*how do you plead to that second charge?*

"THE DEFENDANT: Guilty." [Emphasis added.]

The above is the total dialogue between the court and Mortrud. Although the court asked additional questions, the responses were made by counsel, not Mortrud.

■ After the court rejected the plea agreement, Mortrud was advised of the opportunity to withdraw her guilty plea, reinstate her prior not guilty plea, and then proceed to trial. Mortrud's counsel stated that he was unprepared for trial and subsequently informed the court that Mortrud would stand on her plea. Upon rejecting the plea agreement, the court did not again address Mortrud personally as to her understanding of the new consequences of her guilty plea. Such a dialogue is required by Rule 11(b) and (c), NDRCrimP.[3] In addi-

3. "RULE 11. PLEAS.
"(a) Alternatives.
A defendant may plead not guilty or guilty. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.
"(b) Advice to Defendant.
The court shall not accept a plea of guilty without first, by addressing the defendant personally (except as provided in Rule 43(c)) in open court, informing him of and determining that he understands the following:
(1) The nature of the charge to which the plea is offered;
(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;
(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty;
(4) That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial by jury or otherwise and the right to be confronted with the witnesses against him; and
(5) If the defendant is not represented by an attorney, that he has the right to be repre-

tion, the court failed to make such inquiry of Mortrud as would permit it to determine that there was a factual basis for the plea as required by Rule 11(c), NDRCrimP. The court's rejection of the agreement gave rise to new considerations upon which to judge the voluntariness of Mortrud's guilty plea. Thus, for these reasons and under the peculiar events of this case, the acceptance of Mortrud's guilty plea failed to substantially comply with Rule 11, NDRCrimP.

## III.

■ Rule 32(d)(3) of the North Dakota Rules of Criminal Procedure, entitled Plea Withdrawal, provides:

"Before sentence, the court in its discretion may allow the defendant to with-

sented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him, as provided in Rule 44, North Dakota Rules of Criminal Procedure.

"(c) Insuring that the Plea is Voluntary.

The court shall not accept a plea of guilty without first, by addressing the defendant personally (except as provided in Rule 43(c)) in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney.

"(d) Plea Agreement Procedure.

(1) In General.

The prosecuting attorney, the attorney for the defendant, or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussion.

(2) Notice of Such Agreement.

If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

(3) Acceptance of Plea.

If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

(4) Rejection of a Plea Agreement.

If the court rejects the plea agreement, the court, on the record, shall inform the parties of this fact, advise the defendant personally in open court or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the op- portunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(5) Time of Plea Agreement Procedure.

Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

(6) Plea Discussions.

If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, any statement made in connection with and relevant to the plea discussion or any resulting agreement, plea, or judgment is not admissible in any criminal or civil action or administrative proceeding against the person who made the plea or offer. This rule does not apply to the introduction of voluntary and reliable statements made in court on the record in connection with any of the foregoing pleas or offers where offered for impeachment purposes or in a subsequent prosecution of the declarant for perjury or false statement, but only if in any case the statement was made under oath, on the record, and in the presence of counsel.

"(e) Determining Accuracy of Plea.

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment or dispositional order upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

"(f) Record of Proceedings.

A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

"(g) Plea Put in by Defendant Unless Corporation.

In no case shall a plea of guilty be put in by anyone except the defendant himself, in open court, unless the defendant is a corporation or the offense charged is not a felony, in which case it may be put in by counsel."

draw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

Our only consideration under Rule 32(d)(3), NDRCrimP, is whether or not the trial court abused its discretion. *State v. Hamann*, 262 N.W.2d 495 (N.D.1978). The discretion to be exercised by the trial court is the legal discretion to be exercised in the interests of justice. *Crosby v. Sande*, 180 N.W.2d 164 (N.D.1970). An abuse of discretion occurs when the court's legal discretion is not exercised in the interests of justice. *Schnell v. Northern Pac. Ry. Co.*, 71 N.D. 369, 1 N.W.2d 56 (1941).

During the arraignment hearing, the trial court should have been alerted to defense counsel's lack of preparation. This colloquy, following the court's rejection of the plea bargaining agreement, is evidence of the unusual circumstances surrounding Mortrud's guilty plea.

"THE COURT: As I previously said from a reading of Rule 11(d)(4), the Court was not bound by the plea agreement and I would advise that you have the opportunity to withdraw your guilty plea and reinstate your prior not guilty plea and we would then go to trial.

"[DEFENSE COUNSEL]: Today?

"THE COURT: Yes, sir.

"[DEFENSE COUNSEL]: Your Honor, I'm not prepared for trial today.

"THE COURT: You were not prepared at the last term either and so it was continued for that purpose as shown on the arraignment."

At the sentencing of Mortrud, defense counsel sought to withdraw from the case. His reasons for withdrawing were explained as follows:

"DEFENSE COUNSEL: Well, your Honor, I cannot specifically recollect the date that Mrs. Mortrud came in and expressed a desire to change counsel. She had felt that there were matters relevant to this that had not been proven suffi-

ciently. She was concerned about the day that the plea agreement was presented to this Court and was rejected by this Court. If the Court recalls, I believe we were instructed to prepare for a jury trial some short few minutes after that hearing and it was at that time I informed the defendant that the wiser of the courses at that point might have been to stay with our plea of guilty. As I found out, she was not in concert with this feeling from that time and *she has felt that my not being prepared at that time compromised her rights and her opportunity and it may well have.*

"*I at this time must take the responsibility for not having been prepared and I might have been lulled into a sense of false complacency* because of the plea agreement that we had reached with the State's Attorney which I thought at that time was the proper course to pursue to satisfy the obligations that had been incurred and to resolve this matter in a way that would have been favorable to all." [Emphasis in original.]

Under the particular and limited circumstances of this case, the court's actions constituted an abuse of discretion.

It is not necessary for a disposition of this case that we consider the issue of competency of counsel. We reverse and remand for further proceedings in accordance herewith.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.