The STATE of North Dakota, Plaintiff and Appellee,

v.

Raphael DeCOTEAU, Defendant and Appellant.

Cr. No. 843.

Supreme Court of North Dakota.

Oct. 20, 1982.

---

A.S. Benson, State's Atty., Bottineau, for plaintiff and appellee; argued by A. Swain Benson, Asst. State's Atty.

John R. Gregg, Bottineau, for defendant and appellant.

SAND, Justice.

The appellant-defendant, Raphael DeCoteau, on 14 September 1981, entered a plea of not guilty to the charge of theft of property, a class C felony. The matter was set for jury trial to be held on 8 December 1981. However, on that date, before jury selection began, the defendant, through his counsel, made a motion to withdraw the plea of not guilty and to plead guilty. The motion was heard on that date and the court explained and advised the defendant of his rights pursuant to Rules 11(b) and (c)[1] of the North Dakota Rules of Criminal Procedure.

The court also inquired of the state's attorney as to what evidence would be produced to determine the factual basis for the plea.[2] The state's attorney then outlined

1. Rule 11, NDRCrimP, provides, in part, as follows:

"(b) Advice to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, informing him of and determining that he understands the following:

(1) The nature of the charge to which the plea is offered;

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered;

(3) That the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty;

(4) That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial by jury or otherwise and the right to be confronted with the witnesses against him; and

(5) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him, as provided in Rule 44, North Dakota Rules of Criminal Procedure.

"(c) Insuring that the Plea is Voluntary. The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney." (Note the additional requirement in NDRCrimP 11(c) as to factual basis before accepting plea agreement.)

2. See, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. McKay, 234 N.W.2d 853 (N.D.1975).

The record reflects the following dialogue concerning the factual basis for the plea:

"THE COURT: Then, Mr. DeCoteau, I'm going to ask the State's Attorney to tell us what evidence he would produce if the case went to trial, and I'll want you to listen to what he says. I want to know if the things that he says he can prove are the same facts that you have in mind when you say you want to plead guilty. And I also want to satisfy myself that his facts constitute the crime that you are charged with.

"You may sit down, Mr. DeCoteau. And, Mr. Benson, would you please tell us what the State would seek to prove if called to trial in this matter?

"MR. BENSON: Yes, Your Honor.

"Basically, Your Honor, as the Information states, on or about the 8th day of June of this year, at a farm located approximately one mile south and three miles west of Willow City, there was a theft committed. This is a vacant farmyard owned by Raymond Vollmer of Willow City.

the evidence he would produce if the case were to go to trial, and the court asked the defendant if those facts were what the defendant had in mind when he moved to change his plea to guilty. The defendant replied that he was pleading guilty because he was intoxicated on the day of the commission of the offense and his sons told him that he had participated in the burglary. The defendant also stated that he did not remember the events of the burglary. The court then asked the state's attorney whether or not the State would offer any evidence which would place the defendant at the scene of the crime, and the state's attorney responded that one of the other participants in the burglary would testify that the defendant was present.

Before accepting the plea, the court also questioned the defendant as to whether or not he realized the consequences of his plea and considered fully the result of his plea of guilty. The court permitted the withdrawal of the plea of not guilty and accepted the plea of guilty.

On 27 January 1982, the defendant moved the court to permit the withdrawal of his guilty plea and to permit him to plead not guilty to the charge. The affidavit in support of the motion stated that the defendant had a lack of memory of the facts and circumstances as alleged in the criminal information due to intoxication and that subsequent to his guilty plea he had communicated with his sons, who informed him that he had not participated in the alleged offense. After a hearing, at which witnesses testified, the court issued its memorandum opinion ordering the denial of the motion to change the plea of guilty to not guilty and set the matter for sentencing, at which time the court imposed sentence and entered judgment from which the defendant appealed.

The defendant on appeal stated the following issues:

(1) May a defendant withdraw his plea of guilty after it has been issued but before sentencing when there exists a possible "defense" of intoxication to the crime charged?

(2) Did the court properly determine that the defendant's plea of guilty was knowingly made where the defendant had no recollection of being involved in the crime charged?

As to the first issue, we note North Dakota Century Code § 12.1–04–02, as amended by S.L.1977, ch. 120, § 1, provides that intoxication is not a defense to a criminal charge;[3] however, evidence of intoxication may be used to negate or establish an element of the offense charged.

Rule 32(d), NDRCrimP, deals with the withdrawal of a plea of guilty, and provides as follows:

"Our evidence would show that on this particular day and the days in question, because, as we all know, it's sometimes difficult to pinpoint the exact date, but on or about the 8th day of June, Raphael DeCoteau, Alvin DeCoteau and Raphael DeCoteau's two sons, Gerald and Raphael, Jr., were driving around. Raphael DeCoteau picked up Alvin DeCoteau sometime in the afternoon at the Alvin DeCoteau residence. They drove around in a pickup owned by Lillian Demery, and eventually wound up at the Raymond Vollmer vacated farm area.

"That upon arriving there, the four individuals entered the house and removed items from that house that had been used for storage by the Vollmer—the owners of the property.

"The items taken consisted of antiques, bikes, all sorts of household items, whatever was available. And there was a considerable mess left in the house after the entry.

"Also, overhead wires were cut from the Vollmer residence; that some days later, the overhead wires were sold by Alvin DeCoteau and were in the presence of Raphael DeCoteau. And we would have a witness that would testify to that—or, a couple, I should say. The wire was sold a couple days later.

"Then pursuant to the investigation of the Sheriff, there was certain property from that theft discovered at the Lilliam Demery residence, where Raphael was then residing with Lillian and their—the two boys that we're aware of that were along on the theft.

"And further, there was also items recovered at the Alvin DeCoteau residence, again coming from the Vollmer home.

"And that basically would be the evidence that would be presented at trial."

3. See, *State v. Tipler,* 316 N.W.2d 97 (N.D. 1982), for an elaborate discussion regarding intoxication as a defense in a criminal charge.

"(1) The court should allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

■ Our standard of review of a motion to withdraw a plea under Rule 32(d), NDRCrimP, is whether or not the trial court abused its discretion. *State v. Mortrud,* 312 N.W.2d 354 (N.D.1981).

In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the defendant was charged with first degree murder and, under the North Carolina statute if he was found guilty, he would have been subject to the death penalty unless the jury recommended that the punishment be life imprisonment. The prosecutor agreed to accept a plea of guilty to second degree murder and Alford pleaded guilty to the reduced charge. However, before the court accepted the plea, it heard the sworn testimony of a police officer who summarized the State's case. After a summary presentation of the State's case, Alford took the stand and testified that he had not committed the murder but he was pleading guilty because he faced the threat of the death

penalty if he did not do so. Alford did not claim no recollection, as did DeCoteau, but professed his innocence; however, the court concluded that the plea of guilty could stand. The United States Supreme Court said:

"An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

"Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *North Carolina v. Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171.

In *State v. McKay,* 234 N.W.2d 853 (N.D. 1975), the defendant claimed that because of his state of intoxication at the time of the alleged robbery he could not remember any of the events of that day. We said that that factor does not render a plea of guilty invalid, citing *North Carolina v. Alford, supra.* We said that we must look at the record to determine if the requirements of Rule 11, NDRCrimP, and *Alford* have been met.

In this instance, there was no plea agreement between DeCoteau and the State. Rather, he simply wished to change his not guilty plea to guilty. Before the court permitted him to change his plea from not guilty to guilty, it meticulously went through the procedures prescribed by Rule 11, NDRCrimP, particularly as to Rule 11(b) and 11(c).[4]

---

4. The transcript of the defendant's motion to withdraw his not guilty plea and enter a plea of guilty provides as follows:

"First of all, I remind you that the offense that you've been charged with is a class C felony. If you enter a plea of guilty to that offense, you could be sentenced to a maximum of up to five years in the State Penitentiary or a

fine of up to $5,000 or both such fine and imprisonment could be imposed.

"I also remind you that you have a number of rights which you will be giving up if you change your plea. I want to make sure that you know what these rights are, and I want to make sure that you know that you will be giving up these rights if you plead guilty.

Prior to the court accepting DeCoteau's guilty plea, the state's attorney summarized the evidence which the State would produce at trial. The state's attorney also had a written statement from an accomplice definitely implicating DeCoteau in the offense, and the defendant had read the statement and talked with his sons, who told him of his participation in the offense, before changing his plea from not guilty to guilty.

The evidence presented by the State against DeCoteau "provided a means by which the judge could" and did determine that "the plea was intelligently entered."

The trial court found that the change of the plea of not guilty to guilty was "voluntarily, understandingly, and intelligently offered by the defendant, and that there was a sufficient factual basis for the plea that, had the matter gone to trial, defendant might well have been convicted."

At the hearing on 27 January 1982 the trial court heard testimony in support of DeCoteau's motion to change his plea from guilty to not guilty. This testimony was primarily from his two sons. The court in evaluating this testimony stated, "Both told halting, uncertain stories, devoid of detail, except that both were very clear and certain when testifying that their father had had nothing to do with the commission of the theft. Their stories given in court directly contradicted their father's statements made on December 8, and directly contradicted the statements which the boys gave investigating officers shortly after the crime was committed." The court concluded that their testimony or statements "are not worthy of belief." We have reviewed the testimony and agree with the trial court.

■ We do not believe the defendant has established any fair and just reason why his plea of guilty should be allowed to be withdrawn, and we believe he has failed to show any manifest injustice will result if his plea of guilty is permitted to stand. Accordingly, we do not believe the trial court abused its discretion in denying DeCoteau's motion to withdraw his plea of guilty. Furthermore, DeCoteau's vacillation under these circumstances, first changing his plea of not guilty to guilty, and then seeking to change his plea of guilty to not guilty, constitutes, or approaches, an abuse of process.

The judgment of the trial court based upon a plea of guilty and the denial of his

"These rights include the right to a speedy, fair and public trial by an impartial jury. If you change your plea to guilty, you will not have a jury trial. You will be giving up the right to a jury trial. If you want to have a jury trial, then you have to stay with your present plea of not guilty.

"If you have a trial, you have the right to require the State to prove the charge against you beyond a reasonable doubt. You are presumed to be innocent until the State has met that burden of proof.

"If you have a trial, you are entitled to appear and defend yourself at that trial in person and by your attorney.

"You are entitled to have the witnesses testify under oath. You have the right to confront and cross-examine the witnesses against you to test the truthfulness of what they may say.

"You have the right to call witnesses on your own behalf. You have the right to have this Court order those witnesses to come into court and testify.

"If you have a trial, you cannot be forced to testify on your own behalf or to take the witness stand in your own defense, and no inference can be drawn from your decision not to testify if you so decide.

"You have the right to stand by your present plea of not guilty and thereby exercise all of these other rights. If you change your plea to guilty, you will be giving up all of these rights.

"Now, is there—do you have any questions about the explanation of your rights?

"THE DEFENDANT: No, I don't, Your Honor.

"THE COURT: Is there any part that you would like explained further?

"THE DEFENDANT: No, I don't, Your Honor.

"THE COURT: Okay. Have you discussed these rights with [your attorney] and have you talked with him about changing your plea?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Is it correct then that you do not want to have a trial? Is that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You do not want to have witnesses to be called, you do not want a jury, and you do not want to put in a defense; is that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You want to give up all of these rights which the law says are yours; is that right?

"THE DEFENDANT: Yes, Your Honor."

motion to change his plea from guilty to not guilty is in all things affirmed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.