**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gloria Mortrud WELCH, Defendant and Appellant.**

**Cr. Nos. 1011, 1012.**

Supreme Court of North Dakota.

Oct. 23, 1984.

Thomas H. Falck, Jr., Asst. State's Atty., and James T. Odegard, State's Atty., Grand Forks, for plaintiff and appellee. Submitted on brief.

Arline F. Schubert, Spaeth & Schubert, Grand Forks, and Neil B. Halprin, Shrom & Halprin, Missoula, Mont., for defendant and appellant. Submitted on brief.

PEDERSON, Justice.

Gloria Mortrud Welch[1] appeals separately from her convictions on guilty pleas of two counts of theft of property. We reverse and remand.

Welch was charged with two separate counts of theft of property in excess of $500, a Class C felony. The charges stemmed from a series of insufficient fund checks allegedly issued by Welch in Febru-

ary 1983. At her arraignment on January 3, 1984, Welch entered a plea of not guilty.

On February 7, 1984, Welch withdrew her not guilty plea and entered a plea of guilty. The court did not accept the plea at that time, but deferred acceptance until sentencing, which was set for February 22, 1984. At the February 22 sentencing hearing, Welch made a motion to withdraw her guilty plea. The court continued the hearing until February 24 to allow a written motion and brief by Welch, and a response from the State. On February 24, the court denied Welch's motion to withdraw the plea and accepted her guilty plea. She was sentenced to five years in the state penitentiary, with two years suspended and credit for time served.

On appeal, Welch contends that the district court erred in refusing to allow withdrawal of her guilty plea. We agree.

Rule 32(d), NDRCrimP, governs withdrawal of guilty pleas:

"*Plea Withdrawal.*

"(1) The court should allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

Although we have previously discussed the application of the rule, *see State v. Stai,*

---

**1.** Gloria Mortrud Welch, formerly Gloria Mortrud, previously obtained a reversal of a trial court's refusal to permit withdrawal of a plea of guilty on an unrelated theft-of-property charge. *State v. Mortrud,* 312 N.W.2d 354 (N.D.1981).

335 N.W.2d 798 (N.D.1983); *State v. Hagemann,* 326 N.W.2d 861 (N.D.1982); *State v. DeCoteau,* 325 N.W.2d 187 (N.D. 1982); *State v. Werre,* 325 N.W.2d 172 (N.D.1982); *State v. Mortrud,* 312 N.W.2d 354 (N.D.1981); *State v. Gustafson,* 278 N.W.2d 358 (N.D.1979); we have not been presented with a case involving an attempt to withdraw a guilty plea before it has been accepted by the court. The parties have not cited, nor have we been able to find, any reported decision with a similar fact situation. Rule 32(d) was adopted from Section 2.1 of the 1968 version of the ABA Standards Relating to Pleas of Guilty. We have not discovered any reported case discussing this section of the Standards under a similar factual situation. We are therefore left with the text of the Rule itself.

 A review of Rule 32(d)(3), NDRCrimP, leads us to conclude that a defendant may as a matter of right withdraw his guilty plea prior to its acceptance by the court. The first sentence of Rule 32(d)(3) provides: "In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right *once the plea has been accepted by the court.*" [Emphasis added.] This language clearly implies that the plea may be withdrawn as a matter of right prior to acceptance by the court.

The remaining provisions of Rule 32(d) provide that a defendant may withdraw his guilty plea upon timely motion if necessary to correct a manifest injustice, and the court in its discretion may allow withdrawal of the plea before sentencing for any fair and just reason. If withdrawal prior to acceptance by the court is held to be governed by either the "manifest injustice" standard or the "fair and just reason" standard, the phrase "once the plea has been accepted by the court" would be rendered mere surplusage.

We hold that a defendant may withdraw a guilty plea as a matter of right before it is accepted by the court. The trial court therefore erred in denying Welch's motion to withdraw her guilty plea. The judgments of conviction are reversed and we remand for trial.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.