**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Richard Eugene MILLNER, Defendant and Appellant.**

**Crim. No. 1198.**

Supreme Court of North Dakota.

July 28, 1987.

James Forster Twomey, Asst. States Atty., Fargo, for plaintiff and appellee.

C. Charles Chinquist, Fargo, for defendant and appellant.

MESCHKE, Justice.

Richard Eugene Millner appeals from a conviction of gross sexual imposition, claiming that he should have been allowed to withdraw his guilty plea. We reverse and remand.

Millner first pled not guilty, but later moved to change his plea to guilty. Millner's guilty plea was an *Alford*-type plea,[1] because Millner claimed that he was drunk at the time and did not remember the incident. The trial court accepted Millner's guilty plea and set a date for sentencing.

On the date of sentencing, Millner, with new counsel, moved to withdraw his guilty plea. Millner claimed that his memory had been "jogged" and that he remembered the event. Millner claimed that no sexual intercourse took place, although he did admit to being alone with the young woman in his room. The trial court denied the motion and thereafter Millner was sentenced. His appeal challenges the trial court's refusal to permit him to withdraw his plea of guilty.

■ Withdrawal of a guilty plea is governed by Rule 32(d), N.D.R.Crim.P.:

"(1) The court should allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

\* \* \* \* \* \*

"(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant

to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

The rule sets forth a manifold approach to withdrawal of a plea of guilty: upon timely motion, a defendant may do so to correct a manifest injustice, and, before sentencing, a defendant may be allowed to do so for any fair and just reason. In addition, a defendant may withdraw a guilty plea as a matter of right before it is accepted by the court, but Millner's attempted withdrawal came after his plea had been formally accepted by the trial court. *See State v. Welch*, 356 N.W.2d 147, 149 (N.D.1984).

■ The defendant has the burden of proving a manifest injustice or a fair and just reason supporting withdrawal of the plea. *State v. Stai*, 335 N.W.2d 798, 800 (N.D.1983). We will reverse the trial court's denial of the motion only upon a showing that the court abused its discretion. *State v. DeCoteau*, 325 N.W.2d 187, 190 (N.D.1982). For a motion to withdraw a guilty plea, "[t]he discretion to be exercised by the trial court is the legal discretion to be exercised in the interests of justice." *State v. Mortrud*, 312 N.W.2d 354, 359 (N.D.1981). An abuse of discretion occurs when the court fails to exercise its discretion in the interests of justice. *Id.*

The trial court found that Millner did not prove withdrawal was necessary to correct a manifest injustice. The trial court did not make an explicit finding about a "fair and just reason." The court did find that the State would be substantially prejudiced if the plea were withdrawn. Because substantial prejudice to the State is relevant only after the defendant has shown a fair and just reason for withdrawal, *see* Rule 32(d)(3), N.D.R.Crim.P.,[2] we conclude that

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**2.** The Advisory Committee Note to the 1983 Amendments to Rule 32, Fed.R.Crim.P., found at 97 F.R.D. 305, 313, states that the federal rule has adopted the position enunciated in *United States v. Saft,* 558 F.2d 1073 (2d Cir.1977), that "there is no occasion to inquire into the matter of prejudice unless the defendant first shows a good reason for being allowed to withdraw his plea." *See also United States v. Haley,* 784 F.2d

1218, 1219 (4th Cir.1986). The North Dakota standard for withdrawing a plea before sentencing is virtually identical to the federal rule, and we will consider interpretations of the federal rule when construing our own rule.

*See also* American Bar Association Standards for Criminal Justice, Pleas of Guilty § 14–2.1(a) commentary at p. 14–54 ("Assuming that the defendant establishes a fair and just reason, the burden then shifts to the prosecution to establish substantial prejudice if the defendant's plea

the trial court impliedly found that Millner had advanced a fair and just reason for withdrawal of his guilty plea.

Millner contends that the trial court erred in holding that the State would be substantially prejudiced if he were allowed to withdraw his plea. We agree.

The trial court relied upon several factors for its conclusion that the State would be substantially prejudiced: (1) the trial would be delayed several months beyond the initially scheduled trial date; (2) the victim would suffer continued mental anguish; and, (3) "many of the witnesses perhaps have gone different ways and might be hard to locate." It is apparent that these factors will be present in *every* case when a defendant attempts to withdraw a guilty plea after acceptance by the court but prior to sentencing.

The commentary to Section 14–2.1(a), American Bar Association Standards for Criminal Justice, Pleas of Guilty, at p. 14–54, makes it clear that the State must show prejudice beyond that found in the ordinary case:

"If the prosecution's only showing is that of 'disappointed expectations,' the defendant's motion should be granted. Substantial prejudice is established if the prosecution shows, for example, that vital physical evidence has been discarded, that a chief government witness has died, or that fifty-two witnesses who have come from all over the United States and from overseas naval bases have been dismissed."

The factors relied upon by the State here can aptly be characterized as mere "disappointed expectations."

▆ The trial court did not point to specific circumstances which would make withdrawal of Millner's plea substantially prejudicial to the State, but rather the court relied upon generalities which will exist in all such cases. The "substantial prejudice" envisioned by Rule 32(d)(3), N.D. R.Crim.P., requires a showing by the State

that there are specific factors present which demonstrate that withdrawal of the plea will be more prejudicial to it than in the ordinary case. Failure to require such a specific showing would create an exception which would swallow the rule. We conclude that the trial court abused its discretion in concluding that the State would be substantially prejudiced by withdrawal of Millner's guilty plea.

Courts and commentators have taken cognizance that Rule 32(d) should be liberally construed in favor of the defendant, and that leave to withdraw a guilty plea before sentencing should be freely granted. *See, e.g., United States v. Punch,* 709 F.2d 889, 893 n. 5 (5th Cir.1983); *United States v. Russell,* 686 F.2d 35, 38 (D.C.Cir.1982); *United States v. Navarro-Flores,* 628 F.2d 1178, 1183 (9th Cir.1980); 3 Wright, Federal Practice & Procedure: Criminal 2d, § 538, at 199. The reason for a liberal standard for withdrawal before sentencing was explained in *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir.1963):

"This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury."

*See also United States v. Messer,* 647 F.Supp. 704, 709 (D.Mont.1986); *Love v. State,* 630 P.2d 21, 24 n. 7 (Alaska 1981); 3 Wright, *supra,* at 198. In order to fully accord to a criminal defendant the right to a jury trial, we urge trial courts to err on the side of liberal allowance of withdrawal of guilty pleas prior to sentencing.

We conclude that the trial court abused its discretion in denying Millner's motion to withdraw his guilty plea. We reverse and remand for entry of an order allowing withdrawal of the guilty plea and setting the case for trial.

were to be withdrawn."); 3 Wright, Federal Practice & Procedure: Criminal 2d, § 538, at 203–204 (1982) ("If a fair and just reason for withdrawing the plea has been shown, the bur-

den shifts to the government to establish that it would be prejudiced by granting leave to withdraw.").

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.