Clifford John **KAISER**, Petitioner and Appellant

v.

**STATE** of North Dakota, Respondent and Appellee.

**Crim. No. 1233.**

Supreme Court of North Dakota.

Dec. 29, 1987.

Pulkrabek & Tuntland, Mandan, for petitioner and appellant; argued by Thomas M. Tuntland, Mandan.

Merle Ann Torkelson, State's Atty., Washburn, for respondent and appellee.

GIERKE, Justice.

Clifford Kaiser appeals from an order of the McLean County Court, dated December 2, 1986, denying his application for post-conviction relief. We reverse the order and remand.

On March 30, 1984, Clifford Kaiser was arrested and charged with driving a motor vehicle while under the influence of intoxicating liquor in violation of Section 39–08–01 of the North Dakota Century Code.

Kaiser was arraigned before McLean County Court on April 11, 1984. At his arraignment, the defendant was read the contents of the complaint and was informed of his constitutional rights. Further, the court explained to the defendant the maximum penalty which could be imposed. Kaiser was not represented by counsel. Kaiser entered a plea of guilty and the court sentenced Kaiser in accordance with the State's recommendation.

On October 7, 1986, Kaiser filed an application for Post–Conviction Relief, pursuant to the Uniform Post–Conviction Procedure Act, Chapter 29–32.1 of the North Dakota Century Code, requesting that his judg-

ment of conviction be vacated and that he be allowed to withdraw his plea of guilty and enter a plea of not guilty to the charge. In support of the application for post-conviction relief, Kaiser alleged that no factual basis for the plea of guilty was established, as required by Rule 11(e) of the North Dakota Rules of Criminal Procedure.

An amended application for Post–Conviction Relief was filed on December 2, 1986, which further alleged that the court did not advise the defendant that if he pleaded guilty there would not be a further trial of any kind so that by pleading guilty he waived the right to a trial by jury or otherwise and the right to be confronted by the witnesses against him; that the court failed to advise the defendant that by pleading guilty he would be waiving his right to an attorney; that the court failed to determine that the plea was voluntary and was not the result of force, threats, or promises apart from a plea agreement; and that the court failed to assure itself that the defendant was freely, knowingly, voluntarily and intelligently waiving his right to counsel, the right to confront the witnesses against him, the right to refrain from self-incrimination and the right to a trial by jury.

Section 29–32.1–14 of the North Dakota Century Code provides that a final judgment entered under the Uniform Post–Conviction Procedure Act may be reviewed by the Supreme Court of this State upon appeal filed either by the applicant within 10 days or by the State within 30 days after the entry of judgment.

■ Although the State has not raised the issue of the appealability of the trial court's ruling, it is the duty of this Court to dismiss the appeal on our own motion if we conclude that the attempted appeal fails to grant jurisdiction. *State v. Jensen*, 333 N.W.2d 686 (N.D.1983).

Chapter 29–32.1 of the North Dakota Century Code, entitled Uniform Post–Conviction Procedure Act, was enacted in 1985. It repealed the Uniform Post–Conviction Procedure Act contained in Chapter 29–32, N.D.C.C. Under the previous law, Section 29–32–09, N.D.C.C., provided that a final

judgment entered under the Uniform Post–Conviction Procedure Act was reviewable by this Court and Section 29–32–07, N.D.C.C., provided that certain orders of the district court entered under the Uniform Act were equivalent to a final judgment. *See State v. Tinsley*, 325 N.W.2d 177, 178 n. 1 (N.D.1982). The current law governing post-conviction procedure does not contain a provision which provides that certain orders are equivalent to a final judgment.

■ We have previously held that an attempted appeal from an order for judgment or a memorandum decision will be treated as an appeal from a subsequently-entered consistent judgment, if one exists. *Dunseith Sand & Gravel Co., Inc. v. Albrecht*, 379 N.W.2d 803 (N.D.1986). We have also previously held that when the memorandum opinion contains an order which was intended to be a final order and the order is one from which an appeal may be taken pursuant to statute, we will treat the appeal as an appeal from the order. *State v. Gelvin*, 318 N.W.2d 302, 304 n. 1 (N.D.1982). But more importantly, this Court stated in *State v. Jelliff*, 251 N.W.2d 1, 4 (N.D.1977), that "statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect." Although in the instant case the county court issued an order denying the petition for post-conviction relief, it is clear from the circumstances that the court intended the order to have the effect of a final judgment. Under these circumstances, we will treat the appeal as an appeal from the final judgment.

■ The sole issue raised on this appeal is whether the county court erred in failing to follow the procedure set forth by Rule 11, N.D.R.Crim.P. It is clear from the record that the court failed to establish a factual basis for the guilty plea and did not advise Kaiser of the fact that there would be no further trial if he pleaded guilty, and that he would be waiving his right to counsel. Further, the court did not determine whether the plea was voluntary and failed to advise Kaiser that by pleading guilty he would be waiving his right to confront the

witnesses, his right against self-incrimination, and the right to a trial by jury.

Because the record did not affirmatively indicate that a factual basis existed, the trial court erred in presuming the existence of a factual basis and in accepting the guilty plea. Obtaining a factual basis for the plea serves important purposes. First, it assures that a defendant who seeks to plead guilty is in fact guilty. Persons whose conduct does not fall within the charges brought by a prosecutor should not plead guilty, but unless a factual basis is required, the risk of innocent persons being adjudicated guilty is enhanced. In addition, the finding of a factual basis, when made a matter of record, eliminates post-conviction factfinding proceedings aimed at determining the accuracy of guilty pleas. Finally, the information developed in determining the factual basis is often useful to the court at sentencing. A.B.A. Standards for Criminal Justice, Receiving and Acting Upon a Plea, Section 14–1.6(a), page 14.34.

■ There are several ways to determine the factual basis for the defendant's guilty plea. First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge. A.B.A. Standards for Criminal Justice, Receiving and Acting Upon a Plea, Section 14–1.6(b), page 14.35.

■ Rule 11 outlines the requirements which the court must follow when accepting a guilty plea. These procedures are mandatory and binding upon the court because guilty pleas result in a waiver of the privilege of self-incrimination, the right to a jury trial and the right to confront witnesses. *See State v. McKay,* 234 N.W.2d 853 (N.D.1975). While inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form

to conform with Rule 11. *State v. Storbakken,* 246 N.W.2d 78, 84 (N.D.1976).

Rule 11(e) requires the court to satisfy itself that there is a factual basis before entering judgment upon a plea of guilty. We stated in *State v. Mortrud,* 312 N.W.2d 354 (N.D.1981), that Rule 11 requires the court to address the defendant personally in order to determine the factual basis for the guilty plea and to assure that it is knowingly and voluntarily made.

Here the trial court failed to substantially comply with Rule 11. The extent of the court's dialogue with Kaiser was limited to the following:

"THE COURT: Clifford John Kaiser, the complaint which is before this Court states that you did unlawfully operate a motor vehicle upon a public highway, namely Highway 83, south of Washburn, did then and there commit the following offense: Drove While Under the Influence of Intoxicating Liquor or Drugs, violation of Section 39–08–01 of the North Dakota Century Code as amended and against the peace and dignity of the State of North Dakota.

Do you understand the complaint?
"MR. KAISER: Yes, I do.
"THE COURT: Is he being prosecuted as a first offender?
"MRS. TORKELSON: Yes, he is, your Honor.
"THE COURT: The penalty under that offense is a Class B misdemeanor with a maximum fine of $500, a minimum fine of $250, a maximum imprisonment of thirty days and a mandatory referral to an addiction facility for diagnosis and treatment.

Do you understand the penalty section?
"MR. KAISER: Yes, I do.
"THE COURT: Your rights are as follows: You have a right to an attorney. If you are found to be indigent at government expense. You may enter a plea of guilty or not guilty. You may have a trial to the Court or to a jury, appear and defend in person, face and cross examine the State's witnesses. You have a right to have witnesses sub-

poenaed in your behalf. You may testify or remain silent. You have a right to have sufficient time to prepare your defense and a right to bail if necessary.

Do you understand your rights?

"MR. KAISER: Yes, I do.

"THE COURT: At this time are you prepared to enter a plea?

"MR. KAISER: Guilty.

"THE COURT: The State have a recommendation?"

It is clear from reviewing the colloquy between the court and Kaiser that there was no discussion concerning the charge for the purpose of determining whether there was a factual basis for the guilty plea.

This Court has held, in *State v. Vogel*, 325 N.W.2d 184 (N.D.1982), that when relief sought under the Post–Conviction Procedure Act is the withdrawal of a guilty plea, the action is treated as a Rule 32(d) motion to withdraw the guilty plea, at least to the extent that the court will permit the withdrawal when it is necessary to correct a manifest injustice. The petitioner has the burden of showing that a manifest injustice will result if he is not allowed to withdraw his guilty plea and the decision whether manifest injustice will or will not result is in the sound discretion of the trial court and will not be interfered with on appeal except upon a showing of an abuse of discretion.

In *Mortrud, supra,* this Court held that our only consideration under Rule 32(d)(3), N.D.R.Crim.P., governing the withdrawal of a plea, is whether the trial court abused its discretion. Abuse of discretion within the purview of this rule occurs when the court's legal discretion is not exercised in the interest of justice.

We agree with the appellant that the court erred in failing to establish a factual basis for the guilty plea. The court failed to properly determine whether there was sufficient evidence to support the plea and therefore could not fairly conclude that the defendant could be convicted if he elected to stand trial. Therefore, we conclude that the court abused its legal discretion by not allowing Kaiser to withdraw his guilty plea. Having so concluded, we need not consider Kaiser's other contentions. Accordingly, we remand with instructions that the plea be vacated and that the defendant be given the opportunity to plead anew.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.