STATE of North Dakota, Plaintiff
and Appellee,

v.

Richard Irvin BOWERS, Defendant
and Appellant.

Cr. No. 880071.

Supreme Court of North Dakota.

July 19, 1988.

James Forster Twomey, Asst. States Atty., Fargo, for plaintiff and appellee, submitted on briefs.

Richard Irvin Bowers, Bismarck, pro se.

ERICKSTAD, Chief Justice.

Defendant Richard Irvin Bowers appeals from a memorandum decision and order denying his motion to withdraw his guilty plea. We affirm.

There are two distinct versions of the facts which led to Bowers' arrest on May 23, 1987. The State contends Bowers stabbed a stranger with a triangular shaped piece of broken glass and severely wounded the stranger in the neck. The victim, Richard Siedel, was a resident of the Donaldson Hotel located in downtown Fargo, North Dakota. According to Siedel, Bowers attacked him when he was leaving a bathroom inside the hotel. Siedel testified that he was preparing to go to work around 9:00 p.m., when Bowers, then a complete stranger, stabbed Siedel as he exited the bathroom.

Bowers' version is as follows:

"Defendant Bowers stopped in Fargo, North Dakota for a layover between buses on his way to Memphis, Tennessee, where he is a independent contractor. (See Appendix I, Page 1).

"After checking into the Donaldson Hotel, Mr. Bowers was checking the bus departure schedules at Greyhound Bus Station, at approximately 8:00 P.M. on May 23, 1987.

"From the Bus Station, Mr. Bowers went to the Roundup Bar for refreshments. During his socialization, he met the Complainant, Richard Siedel who offered Mr. Bowers a Drug Sale of 'Coke'. Mr. Siedel led Mr. Bowers out into a alley between the Roundup Bar and X–Rated Movie place where two accomplices held Mr. Bowers' arms while Richard Siedel went through Mr. Bowers'

pants pockets. During the struggle Mr. Bowers broke free with his right arm falling forward at the same time his left arm was pinioned. Mr. Bowers encountered a glass shard and swinging it at Richard Siedel, at the same time the accomplice released Mr. Bowers' left arm and all begin to run away."

While Bowers was incarcerated in a Cass County jail, Bowers' attorney received a telephone call from the Cass County Sheriff's office which indicated Bowers was having "nightmares, delusions and other unusual visions...." Based on this information Bowers' attorney requested and received an order for psychological evaluation of Bowers. A part of the request follows:

> "Mr. Bowers was very agitated on the day in question, ... several people who saw him indicated that he was talking incoherently. And this incoherence may have been even more than alcohol. It was very strange. Based on this, your Honor, I think it appropriate to have Mr. Bowers evaluated at the Jamestown State Hospital for two reasons; one, to see whether or not he can assist in his own defense and whether or not he is competent to stand trial and to see whether or not there might be a mental disease or defect that may have been in existence at the time this event happened."

While represented by counsel Bowers entered a plea of guilty to aggravated assault in violation of section 12.1–17–02, N.D.C.C.[1] The district court sentenced Bowers to five years in the State Penitentiary with the last year of the five-year sentence suspended. The conviction and sentence occurred on July 27, 1987. By letter dated September 7, 1987, Bowers requested a reduction of his sentence. The district court denied his request. By letter dated October 27, 1987, Bowers requested a new trial which was also denied by the district court. Bowers filed a motion to withdraw his guilty plea on January 27, 1988. This motion was accompanied by a brief which alleged Bowers' attorney "did not perform his duties diligently." Bowers also alleged that his attorney "badgered and threatened him into entering a guilty plea."

The district court reviewed Bowers' brief and supporting affidavit and concluded Bowers' motion to withdraw his guilty plea was based on two grounds: (1) Bowers was coerced into accepting a guilty plea, and (2) Bowers was denied effective assistance of counsel. We believe the district court properly denied Bowers' motion to withdraw his guilty plea.

■ Rule 32(d), N.D.R.Crim.P.,[2] requires the trial court to allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to "correct a manifest injustice." The defendant has the burden of proving a manifest injustice or a fair and just reason

1. Section 12.1–17–02, N.D.C.C., reads:

"*12.1–17–02. Aggravated assault.* A person is guilty of a class C felony if that person: 1. Willfully causes serious bodily injury to another human being; 2. Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury; 3. Causes bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being; or 4. Fires a firearm or hurls a destructive device at another human being."

2. Rule 32(d), N.D.R.Crim.P., reads:

"*(d) Plea Withdrawal.*

"(1) The court should allow the defendant to withdraw his plea of guilty whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(2) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(3) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

supporting withdrawal of the plea. *State v. Millner,* 409 N.W.2d 642, 643 (N.D.1987). In *State v. Runck,* 418 N.W.2d 262, 267 (N.D.1987), we suggested that a "manifest injustice" would occur when a defendant does not receive the sentence which is contemplated by the plea agreement. However, it is clear that Bowers received the sentence that he agreed to in his plea agreement.

■ The district court decided that the following colloquy, which occurred at the time Bowers entered his plea of guilty, was strong evidence that Bowers was not coerced into accepting his guilty plea:

"THE COURT: Are you ready to enter a plea at this time?

"DEFENDANT BOWERS: Yes

"THE COURT: Has anybody forced you to do this through use of force?

"DEFENDANT BOWERS: No, Sir.

"THE COURT: Anybody threaten you to make you plead one way or the other? Or anybody make any promises to you to make you plead one way or the other?

"DEFENDANT BOWERS: No, Sir. I haven't been threatened or promised, either one.

"THE COURT: By that I mean there's no promises as to what the punishment might be.

"DEFENDANT BOWERS: No, Sir.

"THE COURT: So your plea then is voluntarily made in this case, freely and voluntarily?

"DEFENDANT BOWERS: Yes, Sir."

Bowers also did not object to his counsel:

"THE COURT: Are you Court appointed Mr. Johnson?

"MR. JOHNSON: Yes, Your Honor.

"THE COURT: Are you satisfied with your lawyer to this date?

"DEFENDANT BOWERS: Yes, Sir."

In light of this exchange, we cannot conclude Bowers was coerced into accepting a guilty plea, especially as his allegation of coercion comes eleven months after he was asked whether or not he understood his plea and whether or not he was satisfied with his attorney.

■ Bowers next asserts he should be allowed to withdraw his guilty plea because he was denied effective assistance of counsel. In *State v. Ricehill,* 415 N.W.2d 481, 485 (N.D.1987), we set forth a specific procedure for determining when claims of ineffective assistance of counsel should be considered on appeal. Because Bowers has raised the issue in his motion to withdraw his guilty plea to the district court, with a supporting affidavit and letters from his attorney which allegedly demonstrate ineffective assistance, we will, pursuant to *Ricehill, supra,* attempt to dispose of this contention on this appeal. We believe, however, that the issue of ineffective assistance of counsel could be more effectively determined through the Uniform Post–Conviction Procedure Act which provides for an evidentiary hearing. *See* Ch. 29–32.-1, N.D.C.C.; *Ricehill, supra* at 484.

In analyzing an ineffective assistance of counsel claim, this Court utilizes the test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ricehill, supra* at 484; *State v. Micko,* 393 N.W.2d 741 (N.D.1986); *State v. Patten,* 353 N.W.2d 30 (N.D.1984). Under *Strickland* there are two things a convicted defendant must establish. First, the defendant must show that his trial counsel's representation "fell below an objective standard of reasonableness." 466 U.S. at 688, 104. S.Ct. at 2064. In establishing this objective standard, the defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. at 2065. Second, the defendant must establish that trial counsel's conduct was prejudicial to him: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

We conclude that Bowers has failed to prove his attorney's conduct fell below an

objective standard of reasonableness.[3] Bowers, now acting pro se, refers the Court to two letters from his attorney which allegedly indicate that he was deprived of effective assistance of counsel. We quote the text of these two letters in full:

"June 24, 1987

\* \* \* \* \* \*

"Dear Mr. Bowers:

"Pursuant to your request, I am enclosing copies of various police reports concerning your case. I have been unable to corroborate your version of what happened. The difficulty with your version of the facts is:

1. The evidence available clearly suggests that the stabbing occurred in the second floor bathroom of the Donaldson Hotel rather than in the alley as you indicate.

2. The evidence suggests that you took a piece of glass from the area of the Black Building and then carried the glass to the area of the Donaldson Hotel. You were carrying the glass even though no fight was taking place.

3. There is no available evidence to suggest that you defended yourself or obtained the glass in the alley behind the Donaldson Hotel.

4. Your statements regarding your physical appearance are controverted by all other witnesses who observed you on May 24, 1987.

"Please go over the reports and get back to me with your comments."

"July 21, 1987

\* \* \* \* \* \*

"Dear Mr. Bowers:

"I have talked to the prosecutor concerning a possible plea agreement. I was able to get some concession but you do have a very lengthy record that is almost four pages long. The record does include several assaults. The maximum term for the crime you are charged with is 5 years. The prosecutor will agree to four years with no probation after release. I believe this is the best I can do because of your record. I have heard that the prison is giving double good time to inmates.

"You have indicated that you want to change your plea. Are these terms acceptable to you? Please call me upon receipt of this letter."

The letter dated June 24, 1987, indicates Bowers' attorney examined police reports and could not find evidence to support Bowers' version of the facts. Moreover, Bowers' record, consisting of numerous convictions in four different states, was not likely to produce a lenient sentence if he were convicted following a trial.

The offense of aggravated assault carries a maximum sentence of five years imprisonment plus a maximum five thousand dollar fine. Bowers received a five year sentence with the final year being suspended and he was not fined. We do not believe Bowers met his burden of proving that his counsel's conduct fell below an objective standard of reasonableness in light of the evidence against Bowers. The district court did not abuse its discretion in denying Bowers' motion to withdraw his plea. *State v. Millner, supra,* 409 N.W.2d at 643; *State v. DeCoteau,* 325 N.W.2d 187, 190 (N.D.1982); *State v. Mortrud,* 312 N.W.2d 354, 359 (N.D.1981). Accordingly, the district court's order denying his motion to withdraw his guilty plea is affirmed.

GIERKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, concurring in result.

I concur in the result reached in the majority opinion. I am, however, concerned with the disposition of Bowers's claim of ineffective assistance of counsel. In *State v. Ricehill,* 415 N.W.2d 481 (N.D. 1987), we cited with approval the procedures established in *Read v. State,* 430 So.2d 832 (Miss.1983), for the review of ineffective-assistance-of-counsel claims on

---

3. The defendant must prove both elements of the *Strickland* test. We may dispose of the issue by discussing only one of the elements. *State v.* *Micko,* 393 N.W.2d 741, 747 (N.D.1986); *State v. Patten,* 353 N.W.2d 30, 33 (N.D.1984).

direct appeal from a judgment of conviction. Those procedures provide for reaching the merits of the ineffectiveness issue only where the record affirmatively shows ineffectiveness of constitutional dimensions or the parties stipulate that the record is adequate and the court determines that findings of fact by a trial judge able to consider the demeanor of witnesses, etc., are not needed. In other instances the defendant is permitted without prejudice to raise the ineffectiveness issue in an appropriate post-conviction proceeding.

The posture of the case before us appears to be halfway between these procedures. There is no stipulation that the record is adequate. However, this is not a direct appeal from a judgment of conviction but rather is an appeal from an order denying a motion to withdraw a guilty plea. Thus Bowers had an opportunity to make at least a partial record on this issue in the trial court. On the other hand, as the majority opinion observes, the issue could be more effectively determined through the Uniform Post–Conviction Procedure Act which provides for an evidentiary hearing.

I agree with the majority opinion that, on the record before us, Bowers was not denied effective assistance of counsel. However, I do not know what additional evidence might be forthcoming at a post-conviction hearing and therefore I do not construe the majority opinion to foreclose his opportunity to further advance that issue in a post-conviction proceeding if additional evidence can be adduced. See *State v. Denney,* 417 N.W.2d 181 (N.D.1987).

MESCHKE, J., concurs.