2001 ND 97

**Clifford Scott EATON, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20010003.

Supreme Court of North Dakota.

May 22, 2001.

Robin L. Olson, Olson Johnston Law Office, Grand Forks, ND, for petitioner and appellant.

Robert G. Manly, Assistant State's Attorney, Courthouse, Fargo, ND, for respondent and appellee.

SANDSTROM, Justice.

[¶ 1]  Clifford Scott Eaton appeals from an East Central Judicial District Court order denying his application for post-conviction relief.  Eaton argues violations of the Interstate Agreement on Detainers Act ("Detainers Act") resulted in a manifest injustice and he therefore should be allowed to withdraw his guilty plea.  Eaton argues the Detainers Act defects deprived the district court of jurisdiction and therefore his guilty plea was ineffective. Concluding the district court had jurisdiction, and concluding Eaton waived any defect by entering a plea of guilty, we affirm.

I

[¶ 2]  Eaton was serving a federal sentence at Centre, Inc., a halfway house in Fargo, North Dakota.  He escaped and was arrested on February 17, 2000.  Federal authorities detained Eaton at a jail in Moorhead, Minnesota, and Eaton was sentenced for a federal escape offense shortly thereafter.  After sentencing on the federal charges, the Cass County State's Attorney sought a Writ of Habeas Corpus Ad Prosequendum to prosecute Eaton for unrelated Cass County felonies.

[¶ 3]  The district court issued the requested writ on April 7, 2000, and the federal marshals authorized Eaton's temporary transfer to North Dakota.  On May 3, 2000, Eaton filed an application for writ of habeas corpus, but he withdrew the application on May 4, 2000, having decided to accept a plea agreement.  On May 5, 2000, Eaton pled guilty to two North Dakota felony charges.  He was returned to federal custody on May 8, 2000.  Thereafter, Eaton moved to reduce his sentence under N.D.R.Crim.P. 35.  The district court denied the motion.  In September 2000, Eaton sought post-conviction relief, arguing the Detainers Act was violated when he was transferred from federal to state custody.  After hearing, the district court denied relief.  Eaton appeals.

[¶ 4]  The district court had jurisdiction under N.D.C.C. §§ 27–05–06 and 29–32.1–03.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–32.1–14.

II

[¶ 5]  Eaton argues the State violated the Detainers Act by denying him the procedural protections of the act.  Specifically, Eaton argues he was denied a hearing, was not informed of his right to request a final disposition, and was denied the right to contest his transfer from federal to state custody.  Eaton argues the district court acknowledged the Detainers Act was "technically violated," but the

court concluded any defect was waived by Eaton's guilty plea.

[¶ 6] The Detainers Act, N.D.C.C. § 29–34–01, provides a mechanism for a state to obtain temporary custody over a prisoner being held in another state. The burden of establishing a basis for post-conviction relief rests upon the petitioning defendant; post-conviction proceedings are civil in nature. *State v. Skjonsby*, 417 N.W.2d 818, 820 (N.D.1987); *State v. Kunkel*, 366 N.W.2d 799, 803 (N.D. 1985). Defendants who voluntarily plead guilty waive the right to challenge nonjurisdictional defects that occur before the entry of the guilty plea. *State v. Mora*, 2000 ND 179, ¶ 22, 617 N.W.2d 478 (Sandstrom, J., concurring).

A

[¶ 7] This Court has repeatedly held that defendants who voluntarily plead guilty waive the right to challenge defects occurring before the entry of the guilty plea. In *State v. Burr*, 1999 ND 143, ¶ 29, ·598 N.W.2d 147, quoting *State v. Kraft*, 539 N.W.2d 56, 58 (N.D.1995), a majority of this Court stated:

> Persons who voluntarily plead guilty to an offense waive their right to challenge on appeal nonjurisdictional defects that occur before the entry of the guilty plea, including alleged violations of constitutional rights. *State v. Slapnicka*, 376 N.W.2d 33 (N.D.1985); *see Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Under Rule 11(a)(2), N.D.R.Crim.P., a defendant may preserve the right to appeal "the adverse determination of any specified pretrial motion." A defendant who enters a conditional plea agreement, but fails to preserve issues for review in the agreement, cannot raise those issues on appeal. *See United States v. Ramos*, 961 F.2d 1003 (1st Cir.1992); *United*

*States v. Ryan*, 894 F.2d 355 (10th Cir. 1990).

[¶ 8] Eaton extensively cites this Court's opinion in *Runck v. State*, 497 N.W.2d 74 (N.D.1993). In *Runck*, we reversed and remanded a district court's denial of post-conviction relief, concluding a hearing was required to determine whether the Detainers Act was violated. *Id.* at 82–83. Addressing whether Runck had waived Detainers Act violations by pleading guilty, we stated:

> In this case, acceptance of Runck's guilty plea was conditioned on his testifying truthfully at any trial of persons involved in the April 1983 fire and, as we have noted before, lacked "the certainty a plea agreement is expected to provide." *State v. Runck, supra*, 418 N.W.2d [262 (N.D.1987)] at 264. Ultimately, the plea agreement was rejected by the trial court. In *Runck*, we declined to accept the State's argument that Runck waived his right to complain of a speedy trial violation by entering into this contingent guilty plea, but held that the delay caused by his conduct regarding the guilty plea, such as his refusal to testify and failure to clarify the status of the plea agreement, could be attributed to him in determining whether a speedy trial violation occurred. We see no principled reason for treating the contingent guilty plea any differently here, where Runck claims violations of the [Detainers Act].

*Id.* at 82 (footnote omitted). In addition, in *Runck* this Court noted, "The State does not assert that Runck waived any claimed violations of the Detainers Act by failing to specifically raise those issues prior to or during the trial proceedings, so we do not consider the issue." *Id.* at 82 n. 4.

[¶ 9] In this case, the State has specifically raised the issue of waiver, and the district court specifically denied relief

on that basis. Also, Eaton entered an unconditional plea of guilty, without preservation of issues for appeal, and therefore waived any nonjurisdictional defects occurring before his plea of guilty. *State v. Burr*, 1999 ND 143, ¶ 29, 598 N.W.2d 147.

[¶ 10] Further, a review of Eaton's civil habeas corpus action clearly demonstrates that Eaton knew of the alleged Detainers Act violations before entering his plea. Eaton's Detainers Act arguments made prior to entering a guilty plea are nearly identical to the arguments he raises on appeal. In his May 2, 2000, affidavit in support of his "Writ of Habeas Corpus or Other Appropriate Relief," Eaton argues:

> After being placed at the Clay County Jail, Cass County, North Dakota, authorities lodged a detainer with the United States Marshals' Service against me regarding the above-referenced State charges. At no time, however, was I provided with a copy of said detainer or informed of the rights afforded to me under the Interstate Agreement on Detainers Act.
>
> . . . .
>
> At no time prior to my transfer from Federal to State custody was I given the opportunity to contest the action through the Governor of Minnesota and/or United States Attorney General, and I was taken from the Clay County Minnesota jail prior to the thirty (30) day waiting period, both conditions provided by the Article IV(1) of the Interstate Agreement on Detainers Act. In fact, I received no advance notice whatsoever of the intended transfer.

[¶ 11] On May 4, 2000, Eaton and his attorney signed a document entitled "Withdrawal of Application for Writ of Habeas Corpus or Other Appropriate Writ." The document stated:

> Clifford Scott Eaton, by and through his attorney(s) ... does petition the Court for Withdrawal of Application of Writ of Habeas Corpus or other appropriate writ, which was filed with this Court on May 3, 2000, as a plea agreement has been reached in the criminal matter with an entry of pleas and sentencing to take place at approximately 9:30 a.m., May 5, 2000.

[¶ 12] On May 5, 2000, Eaton and counsel appeared for a change of plea and sentencing hearing. During the hearing, the district court, addressing Eaton, stated, "You're appearing, I believe on a fugitive from justice warrant and basically as a fugitive from justice, our issue here is to determine ... whether or not you wish to waive extradition, or ... whether you want to have an extradition hearing." Thereafter, the district court, the attorneys, and Eaton engaged in a detailed colloquy detailing Eaton's rights, the plea agreement, and the recommended sentence.

[¶ 13] After fully advising Eaton of his right to a jury trial and of the minimum and maximum sentences, and after offering Eaton the opportunity to withdraw his guilty plea if the court did not accept the plea agreement, the district court accepted Eaton's plea. Eaton addressed the court, stating that even though he had a basis to contest the charges, it was his own "insistence" causing him to plead "guilty early on because" he wanted to "accept responsibility for" his conduct.

[¶ 14] The record in Eaton's criminal case and the record in the related civil habeas corpus action demonstrate that Eaton was fully aware of possible "technical violations" of the Detainers Act. Likewise, those records clearly demonstrate that Eaton wanted to "accept responsibility" and plead guilty "early on" to take advantage of a concurrent sentence and dismissal of additional charges in exchange for his guilty plea. The objective facts

clearly demonstrate Eaton's plea was knowing and voluntary, therefore constituting a waiver of the alleged Detainers Act defects.

### B

[¶ 15] Eaton argues the alleged violations of the Detainers Act were jurisdictional and the district court was therefore without jurisdiction to accept his guilty plea. In *State v. Tinsley*, 325 N.W.2d 177, 179 (N.D.1982), this Court stated, "It is a well-established rule that subject matter jurisdiction cannot be conferred by agreement, consent, or waiver; and jurisdictional defects are not waived by a plea of guilty. *State v. Grenz*, 243 N.W.2d 375, 379 (N.D.1976); *State v. Higgins*, 145 N.W.2d 478, 480 (N.D.1966)." In our prior cases, as in *Tinsley*, the jurisdictional argument is generally one of subject-matter jurisdiction, where, for example, the alleged conduct has occurred outside the state. 325 N.W.2d at 179–80. Eaton argues not that the district court lacked subject-matter jurisdiction over his alleged offenses, but that the district court lacked the authority to accept his plea because he was brought to North Dakota without compliance with the Detainers Act.

[¶ 16] The district court's personal jurisdiction over a criminal defendant is provided by constitution and by statutes. Courts have uniformly recognized that constitutional rights may be forfeited by a criminal defendant who enters "a plea of guilty just as they can be forfeited by a failure to raise them in a timely fashion." 5 Wayne LaFave, *Criminal Procedure* § 21.6(a) (2d ed.1999). *See id.* at n. 22 (collecting cases discussing the jurisdictional approach). In this case, the district court had constitutional and statutory authority over Eaton. *See* N.D.C.C. § 27–05–06 and N.D. Const. art. VI, § 8 (granting jurisdiction to the district courts).

[¶ 17] Eaton was brought to North Dakota on a writ of habeas corpus authorized by the district court. The alleged Detainers Act violations—fully known by Eaton before his plea—did not divest the district court of its personal jurisdiction over Eaton. We are aware of no cases holding that a violation of the Detainers Act deprives a court of personal jurisdiction, and the parties cite none. We conclude the alleged Detainers Act violations were non-jurisdictional. *See* 5 Wayne LaFave, *Criminal Procedure* § 21.6(a), n. 22 (2d ed.1999) (collecting jurisdictional defect cases).

### C

[¶ 18] The underlying criminal and civil records demonstrate Eaton was fully aware of the alleged Detainers Act violations that he now argues provide an entitlement to post-conviction relief. Eaton, with counsel, signed a "Withdrawal of Application for Writ of Habeas Corpus or Other Appropriate Writ" on May 4, 2000, in anticipation of his unconditional plea agreement entered on May 5, 2000. Under the circumstances, Eaton's plea agreement is inviolable, not invalid.

### III

[¶ 19] Because the district court had jurisdiction, and because Eaton's unconditional plea of guilty waived any alleged violations of the Detainers Act, we conclude the district court did not err in denying Eaton's request for post-conviction relief. Having concluded Eaton waived any error, we need not address Eaton's arguments regarding alleged violations of the procedural protections of the Detainers Act. *See State v. Evans*, 1999 ND 70, ¶ 17, 593 N.W.2d 336 ("we need not consider questions, the answers to which are not

necessary to the determination of an appeal"). The district court's order denying post-conviction relief is affirmed.

[¶ 20] VANDE WALLE, C.J., and NEUMANN, MARING, and KAPSNER, JJ.