2003 ND 134

**Patrick T. McMORROW, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20030007.**

Supreme Court of North Dakota.

Aug. 20, 2003.

Monty Grant Mertz, Fargo, N.D., for petitioner and appellant; submitted on briefs.

Lori Sue Mickelson, Assistant State's Attorney, and Trent William Mahler, Assistant State's Attorney, Fargo, N.D., for respondent and appellee; submitted on briefs.

NEUMANN, Justice.

[¶ 1]   Patrick T. McMorrow appealed a judgment denying his motion for post-conviction relief.  We affirm.

I

[¶ 2]   McMorrow pleaded guilty to charges of failure to register as a convicted sex offender, terrorizing, and violation of a protection order.  McMorrow appealed the convictions for violation of a protection order and terrorizing, but the appeals were dismissed at his request.  McMorrow filed an application for post-conviction relief, asserting ineffective assistance of counsel, excessive bail, failure to comply with discovery requests under N.D.R.Crim.P. 16, failure to dismiss counsel, an inadequate law library, cruel and unusual treatment in jail, police violation of his civil rights, and failure to appoint a private investigator.  The State filed a response to McMorrow's application and, under N.D.C.C. § 29–32.1–09, moved for summary disposition dismissing McMorrow's application.  After a hearing, the court concluded McMorrow failed to meet his burden and denied his application.

[¶ 3]   McMorrow has raised the following issues on appeal from the judgment denying his application:

I.   Whether The Trial Court's Finding that Mr. McMorrow Failed to Prove Prosecutorial Misconduct was Clearly Erroneous.

II.   Whether The Trial Court's Finding that Mr. McMorrow Failed to Prove Relevance of the Civil Restraining Order Proceedings was Clearly Erroneous.

III.   Whether The Trial Court's Finding that Mr. McMorrow Failed to Prove that He was Prejudiced by Excessive Bail was Clearly Erroneous.

IV.   Whether The Trial Court's Finding that Mr. McMorrow Failed to Prove a Rule 16 Violation was Clearly Erroneous.

V.   Whether The Trial Court's Finding that Mr. McMorrow Failed to Prove Ineffective Assistance of Counsel was Clearly Erroneous.

VI. Whether the Trial Court's Denial of Mr. McMorrow's Several Pre–Hearing Motions was an Abuse of Discretion.

## II

[¶ 4] "Post-conviction proceedings under N.D.C.C. ch. 29–32.1 are civil in nature." *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. An applicant for post-conviction relief has the burden of establishing grounds for relief. *Berlin v. State*, 2000 ND 206, ¶ 7, 619 N.W.2d 623.

[¶ 5] McMorrow pleaded guilty to the charges involved in this post-conviction proceeding. Defendants who voluntarily plead guilty waive the right to challenge nonjurisdictional defects occurring before entry of the guilty plea. *Eaton v. State*, 2001 ND 97, ¶¶ 6, 7, 626 N.W.2d 676. "[A] defendant may not withdraw an accepted guilty plea unless withdrawal is necessary to correct a manifest injustice," *Berlin v. State*, 2000 ND 13, ¶ 13, 604 N.W.2d 437, and "[a] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea,'" *Damron v. State*, 2003 ND 102, ¶ 9, 663 N.W.2d 650, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Because McMorrow has asserted alleged prosecutorial misconduct, violations of N.D.R.Crim.P. 16, and excessive bail occurring before he pleaded guilty made the pleas involuntary, we will address those issues.

## III

### A

[¶ 6] McMorrow contends the trial court's finding he failed to prove prosecutorial misconduct is clearly erroneous. He argues in his brief:

Mr. McMorrow presented testimony and exhibits which established that he was prosecuted at the same time that Ms. Paula Larson was engaging in similar behavior, and his requests for equal treatment were rejected at every turn. There was no legitimate reason for the discriminatory behavior of the authorities. This unequal treatment violated his substantial rights.

[¶ 7] "Selective prosecution, if based upon improper motives, can violate equal protection." *Gale v. North Dakota Bd. of Podiatric Medicine*, 1997 ND 83, ¶ 32, 562 N.W.2d 878. We addressed selective prosecution in *State v. Kraft*, 539 N.W.2d 56, 58 (N.D.1995):

A defendant alleging selective prosecution must show that the State has not generally prosecuted other similarly situated persons *and* that the State selected the defendant for prosecution for discriminatory reasons.... A failure to prosecute one person, similarly situated, does not meet the threshold of our selective enforcement test. Kraft's fundamental complaint is that he has been prosecuted while an equally guilty person has not been; even if this is true, it is not a defense.

The trial court found McMorrow "has not made a sufficient showing of improper motive of law enforcement or prosecutors in pursuing prosecution of [McMorrow]. Based upon the records before the Court, there is no showing of selective prosecution." We conclude the court's finding there was no showing of selective prosecution is not clearly erroneous.

### B

[¶ 8] McMorrow contends the trial court's finding he failed to prove the relevance of earlier civil restraining order proceedings was clearly erroneous, arguing the transcript of that proceeding shows

"there was no basis for the entry of the protection order or of the criminal conviction for terrorizing." The State argues McMorrow did not raise this issue "before entry of his guilty pleas in the criminal matters" and raising it now is a misuse of process. The domestic violence protection order was affirmed on direct appeal in *Larson v. McMorrow*, 2002 ND 108, 651 N.W.2d 692, 2002 WL 31190944. We conclude the trial court properly determined this issue was "not appropriate for post-conviction relief."

### C

[¶ 9] McMorrow contends the trial court's finding he failed to prove he was prejudiced by excessive bail is clearly erroneous, arguing "his bail of $60,000 when he was charged with a Class A Misdemeanor violated his constitutional right to be admitted to a reasonable bail, and to prepare his defense." McMorrow has not drawn our attention to any decisions holding post-conviction relief under N.D.C.C. ch. 29–32.1 is available for a trial court's pretrial bail orders. Furthermore, McMorrow admitted at the hearing that there were five other arrests for violation of a protection order and that "the Court had information that there was a terrorizing charge on five or six or whatever, for violation of protection order, charges all involving the same person, when they set that bail." While McMorrow made conclusory assertions that his bail was excessive, "the record contains no facts ... explaining why it was excessive." *State v. McMorrow*, 332 N.W.2d 232, 234 n. 1 (N.D.1983). We conclude the court properly determined McMorrow's bail "was within the discretion of the trial judge."

### D

[¶ 10] McMorrow contends the trial court's finding he failed to prove ineffective assistance of counsel is clearly erroneous. "A criminal defendant is entitled to effective assistance of counsel." *Abdi*, 2000 ND 64, ¶ 29, 608 N.W.2d 292. "On a claim of ineffective assistance of counsel, the defendant has the ultimate burden of proving counsel's performance was deficient and the deficient performance prejudiced the defendant." *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355. *See also Wiggins v. Smith*, —— U.S. ——, ——, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471, —— (2003) ("A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." *Syvertson v. State*, 2000 ND 185, ¶ 22, 620 N.W.2d 362. "A criminal defendant has the 'heavy,' 'demanding' burden of proving counsel's assistance was ineffective," *Mertz v. State*, 535 N.W.2d 834, 836 (N.D.1995), and a defendant claiming ineffective assistance of counsel "must specify how and where trial counsel was incompetent and the probable different result." *State v. Palmer*, 2002 ND 5, ¶ 11, 638 N.W.2d 18.

[¶ 11] McMorrow did not specify with particularity how and where his trial counsel was incompetent or establish a reasonable probability that, but for his attorney's asserted errors, the result of the proceeding would have been different. We conclude the trial court's finding that McMorrow "provided insufficient evidence to substantiate this claim" is not clearly erroneous.

### E

[¶ 12] McMorrow contends the trial court's finding he failed to prove a N.D.R.Crim.P. 16 discovery violation is clearly erroneous and the trial court's denial of several pre-hearing motions he made pro se while he was represented by counsel was an abuse of discretion. "[A] party waives an issue by not providing supporting argument," and "without supportive reasoning or citations to relevant authorities, an argument is without merit." *Olander Contracting Co. v. Gail Wachter Invs.*, 2002 ND 65, ¶ 27, 643 N.W.2d 29. Other than a citation to N.D.R.Crim.P. 16, which provides for discovery in criminal prosecutions, and a citation to N.D.C.C. § 29–32.1–08, which authorizes a trial court to permit discovery for good cause in post-conviction proceedings, McMorrow has provided no supportive reasoning or citations to relevant authorities on these issues. McMorrow's conclusory arguments on these issues are, therefore, without merit.

### IV

[¶ 13] The judgment is affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER and MARY MUEHLEN MARING, JJ., concur.