2007 ND 15

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jïmmie Lee BATES, Defendant and Appellant.**

**No. 20060179.**

Supreme Court of North Dakota.

Feb. 1, 2007.

Gary L. Delorme (argued), Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

L. Patrick O'Day Jr. (argued), Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Jimmie Lee Bates appeals from a criminal judgment entered upon a plea of guilty, claiming the district court erred in denying his motion to withdraw the guilty plea. After considering the issues as Bates raises them, we conclude the district court did not abuse its discretion in deny-

ing the motion to withdraw the guilty plea and Bates failed to establish he received ineffective assistance of counsel. We affirm.

## I

[¶ 2] Bates was charged with continuous sexual abuse of a child and promoting obscenity to minors in March 2005. Prior to trial, the state's attorney filed an amended information, charging Bates with one count of gross sexual imposition (GSI). On March 20, 2006, Bates entered an *Alford*[1] plea to the amended information. The court informed the parties that the joint sentencing recommendation would be considered a plea agreement under N.D.R.Crim.P. 11, and Bates would be entitled to change his plea if the court did not accept the recommendation. The judge engaged in a colloquy with Bates as required under Rule 11 and found Bates' plea was knowing and voluntary.

[¶ 3] After receiving Bates' plea, the court asked the State for a factual basis. The State outlined Bates' history with the victim's mother, his access to the now eight-year-old victim, and the victim's repeated identification of Bates as her molester. The State also outlined when Bates had sexual contact with the victim. The court then asked Bates whether he disagreed or had anything to add to the State's factual basis. Bates' attorney corrected the State's factual rendition with respect to the duration of the sexual abuse occurring in North Dakota. Bates made no other disputes or objections to the factual basis at the change of plea proceeding. The court accepted the plea.

[¶ 4] Prior to imposing sentence, the district court ordered a pre-sentence investigation. Bates was reluctant to coop-

erate with the investigator, claiming one was just done on him in 2003. On May 4, 2006, approximately two months after the change of plea proceeding but before his sentence was imposed, Bates filed a motion to withdraw his guilty plea based on "a manifest injustice; and/or for the fair and just reason that Defendant maintains his innocence and cannot in good conscience plead guilty to a charge he did not commit." The court held a hearing to address the motion, where Bates testified his conscience would not allow him to maintain his guilty plea. On cross-examination, Bates acknowledged he was satisfied with his attorney's representation, he was knowledgeable of the criminal justice system, and he was fully advised on the consequences of his change of plea. The court denied the motion to withdraw the guilty plea on June 5, 2006, finding the guilty plea voluntary, intelligent, and the plea withdrawal was not necessary to correct a manifest injustice. The district court did not address whether Bates had established a "fair and just reason" for the plea withdrawal. On July 10, 2006, the court accepted the joint sentencing recommendation and sentenced Bates to ten years in prison, running concurrently with a previous felony conviction.

## II

[¶ 5] On appeal, Bates argues "[i]t is necessary to allow Defendant to withdraw the *Alford* plea ... to correct a manifest injustice...." Specifically, Bates argues the district court "abused its discretion, because there was no factual basis for the plea and the plea was not voluntarily made." Bates also claims he received ineffective assistance of counsel. The State argues the district court properly

---

1. An *Alford* plea is a type of plea that occurs when a defendant knowingly and voluntarily enters a guilty plea while maintaining his innocence. *See North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

exercised its discretion in denying Bates' motion to withdraw his plea after accepting a factual basis and Bates failed to establish a valid claim of ineffective assistance of counsel. Neither party argues, on appeal, that withdrawal of a guilty plea is subject to the "fair and just reason" standard contained in N.D.R.Crim.P. 32(d)(3). "We will not consider issues not adequately briefed, argued, or supported on appeal." *State v. Harmon,* 1997 ND 233, ¶ 29, 575 N.W.2d 635. Therefore, we limit our discussion on the withdrawal of Bates' guilty plea to whether the district court abused its discretion in concluding the plea withdrawal was not necessary to correct a manifest injustice. *See id.*

### III

[¶ 6] The standard for a plea withdrawal differs depending upon when the motion to withdraw the guilty plea is made. *Froistad v. State,* 2002 ND 52, ¶ 5, 641 N.W.2d 86. A defendant has a right to withdraw a guilty plea before it is accepted by the court. *Id.* at ¶ 6. " 'After a guilty plea is accepted, but before sentencing, the defendant may withdraw a guilty plea if necessary to correct a manifest injustice, or, if allowed in the court's discretion, for any "fair and just" reason unless the prosecution has been prejudiced by reliance on the plea.' " *Id.* at ¶ 8 (quoting *State v. Klein,* 1997 ND 25, ¶ 13, 560 N.W.2d 198). When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. *Id.* at ¶ 9. "The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion." *State v. Abdullahi,* 2000 ND 39, ¶ 7, 607 N.W.2d 561 (citing *State v. Hendrick,* 543 N.W.2d 217, 219 (N.D.1996)). An abuse of discretion under N.D.R.Crim.P. 32(d) occurs when the court's legal discretion is not exercised in the interest of justice. *Abdullahi,* at ¶ 7 (citing *State v. Dalman,* 520 N.W.2d 860, 862 (N.D.1994)). The trial court must exercise its sound discretion in determining whether a "manifest injustice" or a "fair and just reason" to withdraw a guilty plea exists. *See Froistad,* at ¶ 9; *Abdi v. State,* 2000 ND 64, ¶ 10, 608 N.W.2d 292.

### A

[¶ 7] Bates argues the district court abused its discretion in denying his motion to withdraw his guilty plea. To support his argument, Bates claimed the court committed a procedural error by not establishing a factual basis for the *Alford* plea. We conclude the district court properly determined there was a sufficient factual basis for the guilty plea under N.D.R.Crim.P. 11(b)(3).

[¶ 8] A factual basis is a statement of facts to assure the defendant is guilty of the crime charged. *See Kaiser v. State,* 417 N.W.2d 175, 178 (N.D.1987). In *Kaiser,* we discussed the manners in which a factual basis may be established, which include:

> First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge.

*Id.* We have also stated, "[t]o establish a factual basis for the plea, the court must ascertain that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the

defendant has pleaded guilty.' The court accepting the plea should compare the elements of the crime charged to the facts admitted to by the defendant." *Froistad,* 2002 ND 52, ¶ 19, 641 N.W.2d 86 (citations omitted).

[¶ 9] The factual basis in this case was sufficient to support Bates' guilty plea. The state's attorney established the defendant met the victim's mother and moved to Texas with her. Bates, the victim's mother, the victim, and several other children lived together while in Texas. They moved back to Fargo, North Dakota. Bates was convicted on another charge and incarcerated while he was living in Fargo with the victim's family. After Bates was removed from the home, the victim began to act out in a sexual manner. When questioned, the child indicated Bates had given her those sexual ideas and she was acting out on them. The victim was interviewed twice on videotape, where she told a social worker and a police officer Bates had touched her on her vagina, on her buttocks, and had put his penis in her mouth. The victim described the place these events occurred. The victim was medically examined several years after the occurrences, with no conclusive proof to corroborate the child's statements.

[¶ 10] The court then asked Bates, through his counsel, whether he had anything in response to the State's factual rendition. Bates' counsel made a minor modification to the State's factual basis, noting the amended information alleged the victim was molested between the ages of three to five, where the factual basis supported molestation between the ages of four to five. Bates' counsel acknowledged that, if Bates chose to go to trial, "it's more likely than not that [a jury would] find guilt." The court accepted the factual basis to support the plea. The court then ordered a pre-sentence investigation before sentencing.

[¶ 11] When comparing the factual basis with the elements of GSI, the factual basis addresses each essential element of the crime. Bates was charged under N.D.C.C. § 12.1–20–03, which requires the State to prove the defendant engaged in a sexual act with another who was less than fifteen years old at the time of the contact. The State addressed the victim's relationship with Bates, where the offenses occurred, the sexual conduct Bates was being charged with, and the victim's age.

[¶ 12] The district court did not err when it determined the factual basis was sufficient to support the guilty plea.

B

[¶ 13] Bates also claims the district court abused its discretion in determining his plea was knowingly and intelligently entered. Guilty pleas must be knowingly, intelligently, and voluntarily entered to be valid. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Raulston,* 2005 ND 212, ¶ 11, 707 N.W.2d 464; N.D.R.Crim.P. 11. "Defendants who voluntarily plead guilty waive the right to challenge nonjurisdictional defects occurring before entry of the guilty plea." *McMorrow v. State,* 2003 ND 134, ¶ 5, 667 N.W.2d 577 (citing *Eaton v. State,* 2001 ND 97, ¶ 6, 626 N.W.2d 676).

[¶ 14] A guilty plea given upon the advice of counsel may only be attacked for the "voluntary and intelligent character of the guilty plea." *Id.* "When determining the validity of a guilty plea, '[t]he longstanding test . . . is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." ' " *Ernst v. State,* 2004 ND 152, ¶ 7, 683 N.W.2d 891 (quoting *Houle v. State,* 482 N.W.2d 24, 26

(N.D.1992) and *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[¶ 15] Rule 11, N.D.R.Crim.P., provides an analytical framework for assessing whether the plea is entered into voluntarily and knowingly. Rule 11(b) requires the court to address the defendant personally to inform him of his rights and determine that he understands those rights. *Id.* Rule 11(b) also requires the courts to inform the defendant of the rights he is waiving by pleading guilty, the maximum possible penalty, any minimum mandatory penalties, and the court's authority to order restitution. *Id.* The court must "address the defendant personally in open court ... and determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement. The court must also inquire whether the defendant's willingness to plead guilty results from discussion between the prosecuting attorney and the defendant or the defendant's attorney." *Id.* at 11(b)(2).

[¶ 16] Here, the district court complied with Rule 11. The court informed Bates of the allegations against him. The court inquired whether Bates understood the charges alleged in the amended information; whether Bates understood he would be required to register as a sex offender; whether he was threatened or forced into making a plea; whether he was promised anything by anyone to encourage him to enter the plea; whether he understood he could persist in his not guilty plea; whether he understood that, by pleading guilty, he waived his right to a jury trial, the right to confront witnesses and subpoena witnesses on his behalf, the right to remain silent, the right not to incriminate himself, and certain rights of appeal. Bates acknowledged, after consulting with his attorney, he was "convinced that a jury would be able to find [him] guilty[.]" The court also noted Bates had significant criminal experiences, he was aware of the consequences of proceeding to trial, he met with his attorneys over twenty times, he was articulate, and knew the scope of the evidence the State would present at trial. The district court was satisfied with the voluntariness of the plea when it was accepted, and again when Bates challenged the plea's voluntariness in his motion to withdraw his guilty plea.

[¶ 17] The district court did not err in finding the guilty plea was voluntarily and intelligently entered.

## IV

[¶ 18] Bates argues he did not receive effective assistance of counsel because his attorney failed to obtain a progress report from a private investigator. Bates also argues his counsel was ineffective because he failed to follow up with the investigator about another possible suspect for the crime. We conclude that, on direct appeal, Bates failed to establish he received ineffective assistance of counsel.

[¶ 19] A defendant claiming ineffective assistance must establish two elements: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *State v. Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18; *Wilson v. State,* 1999 ND 222, ¶ 8, 603 N.W.2d 47. To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result. *Palmer,* at ¶ 11. Normally, an ineffective assistance claim should be raised in a post-conviction proceeding, "so the parties can fully develop a record ... of counsel's performance and

its impact on the defendant's claim." *State v. Bertram*, 2006 ND 10, ¶ 39, 708 N.W.2d 913. In *Bertram*, at ¶ 39, we stated:

> When a claim for ineffective assistance of counsel is argued on direct appeal, we review the record to decide if the assistance of counsel was plainly defective. [*Palmer*, 2002 ND 5, ¶ 12, 638 N.W.2d 18]. Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim. *Id.* Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance. *Id.* To successfully claim ineffective assistance of counsel, a defendant must establish counsel's representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance. *Heckelsmiller v. State*, 2004 ND 191, ¶ 3, 687 N.W.2d 454.

[¶ 20] Without the benefit of a fully-developed record, Bates' claim fails under both prongs. Bates failed to show how his counsel's performance was objectively deficient. Bates claims reasonable legal representation would have required counsel to contact the investigator. Here, however, we have no evidence on the record to determine whether Bates' counsel contacted the investigator. Without more, Bates cannot overcome the strong presumption of the objective reasonableness of his attorney's performance. *See Bertram*, 2006 ND 10, ¶ 39, 708 N.W.2d 913.

[¶ 21] Even assuming Bates met the first prong for sake of argument, he failed to show how his counsel's performance prejudiced him, or the outcome would have been different but for the errors of counsel. *Hill*, 474 U.S. at 59, 106 S.Ct. 366; *Johnson v. State*, 2006 ND 122, ¶ 20, 714 N.W.2d 832; *Palmer*, 2002 ND 5, ¶ 11, 638 N.W.2d 18. To meet the "prejudice" prong, Bates must show that but for counsel's failure to follow up with the investigator, he would not have pled guilty. *Sambursky v. State*, 2006 ND 223, ¶¶ 23–24, 723 N.W.2d 524 (citing *Hill*, at 52–60, 106 S.Ct. 366) (requiring defendant claiming ineffective assistance of counsel to allege he would not have pled guilty and would have insisted on going to trial but for counsel's deficient performance). Bates did not make this allegation and the existing record does not establish this to be the case. *See id.*; *see also Palmer*, at ¶ 13.

[¶ 22] This record does not affirmatively show Bates' counsel was ineffective on constitutional dimensions and Bates has not directed us to any evidence in the record to support his claim. *Palmer*, 2002 ND 5, ¶ 13, 638 N.W.2d 18. Although we conclude, for purposes of this appeal, that Bates' ineffective assistance claim is meritless, we do so without prejudice to Bates' right to raise the issue in post-conviction proceedings. *Id.*

V

[¶ 23] After considering the issues as Bates raises them, we conclude the district court did not abuse its discretion in denying the motion to withdraw the guilty plea and Bates failed to establish he received ineffective assistance of counsel. Therefore, we affirm.

[¶ 24] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.