2010 ND 105

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Mathew Lewis PIXLER, Defendant and Appellant.**

**Nos. 20090310, 20090311.**

Supreme Court of North Dakota.

June 10, 2010.

Bradford Alan Peterson, Assistant State's Attorney, State's Attorney's Office, Minot, N.D., for plaintiff and appellee.

Carl O. Flagstad, Jr., Minot, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Mathew Pixler appeals from criminal judgments entered after he pled guilty to possession of drug paraphernalia and to ingesting a controlled substance. Pixler argues the district court abused its discretion by denying his motion to withdraw his guilty plea, because he was not capable of making a voluntary, intelligent, and knowing plea. We conclude the district court did not abuse its discretion, and we affirm.

I

[¶ 2]   On July 27, 2009, Pixler was arrested and charged with ingesting a controlled substance in violation of N.D.C.C. § 19–03.1–22.3, a class A misdemeanor, and possession of drug paraphernalia in violation of N.D.C.C. § 19–03.4–03, a class A misdemeanor. At his initial appearance before the district court, Pixler pled guilty and was sentenced. Criminal judgments were entered on July 29, 2009.

[¶ 3]   On September 8, 2009, Pixler moved to withdraw his guilty plea, alleging he has limited mental capacity and his plea was not knowing, voluntary, and intelligent. Pixler argued he is easily led by persons in authority and his peers, he lacks the ability to understand the consequences of his actions, and he focuses only on his immediate goal and how to accomplish that goal. He claimed his goal was to get out of jail and go home and he was willing to do whatever was required to accomplish that goal. The district court denied his motion, finding the requirements of N.D.R.Crim.P. 11 were met, Pixler was competent to enter a plea, and Pixler's motives for pleading guilty do not make his plea less voluntary or knowing.

[¶ 4]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 29–28–06.

II

[¶ 5]   Pixler argues the district court abused its discretion by denying his motion to withdraw his guilty plea, because the evidence established he is incapable of entering a voluntary, intelligent, and knowing plea.

[¶ 6]   The standard for withdrawal of a guilty plea depends upon when the motion to withdraw the plea is made. *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595. After the court has accepted a guilty plea and imposed a sentence, the defendant cannot withdraw the plea unless it is necessary to correct a manifest injustice. N.D.R.Crim.P. 11(d)(2); *see also Bates*, at ¶ 6. The defendant has the burden of proving a manifest injustice. *State v. Millner*, 409 N.W.2d 642, 643 (N.D. 1987).

[¶ 7]   " 'The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion.' " *Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595 (quoting *State v. Abdullahi*, 2000 ND 39, ¶ 7, 607 N.W.2d 561). "For a motion to withdraw a guilty plea, '[t]he discretion to be exercised by the [district] court is the legal discretion to be exercised in the interests of justice.' " *Millner*, 409 N.W.2d at 643 (quoting *State v. Mortrud*, 312 N.W.2d 354, 359 (N.D.1981)). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law. *State v. Lium*, 2008 ND 33, ¶ 20, 744 N.W.2d 775.

[¶ 8]   Rule 11, N.D.R.Crim.P., provides a framework for assessing whether a defendant has entered a plea knowingly

and voluntarily. *Bates*, 2007 ND 15, ¶ 15, 726 N.W.2d 595. Under N.D.R.Crim.P. 11(b), the court is required to address the defendant personally in open court, informing the defendant of his rights and determining whether the defendant understands those rights. N.D.R.Crim.P. 11(b)(1). The court must inform the defendant of the rights he is waiving, the maximum possible penalty, any minimum mandatory penalty, and the court's authority to order restitution. *Id.* The court must also ensure the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement. N.D.R.Crim.P. 11(b)(2). The purpose of the rule's requirements is to ensure the defendant is fully aware of the consequences of pleading guilty before he enters his plea. *State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994).

[¶ 9] Pixler does not claim the district court failed to comply with the requirements of N.D.R.Crim.P. 11, and the record establishes that the court complied with the rule's requirements. Pixler, however, claims his plea was not voluntary, intelligent, and knowing. To be valid, a guilty plea must be knowingly, intelligently, and voluntarily entered. *Bates*, 2007 ND 15, ¶ 13, 726 N.W.2d 595. Pixler argues he was not capable of knowingly, intelligently, and voluntarily entering a guilty plea, because his ability to understand is limited, he reads at a third-grade level, and he was diagnosed with mild mental retardation. He contends his limited mental capacity prevented him from understanding the concept of guilty or not guilty and his right to plead not guilty and request a court-appointed attorney.

[¶ 10] This Court has said, "The age, education, and mental capacity of the defendant, his background and experience, and his conduct at the time of the alleged waiver are probative factors bearing on whether an accused has validly waived counsel and pled guilty." *State v. Hendrick*, 543 N.W.2d 217, 221 (N.D.1996). Moreover, "[a]n incompetent criminal defendant cannot enter a valid guilty plea." *State v. Magnuson*, 1997 ND 228, ¶ 11, 571 N.W.2d 642. Some degree of mental disorder, however, does not necessarily mean that the defendant is incompetent or that the defendant's plea is not knowing and voluntary. *See United States v. Rodriguez–Leon*, 402 F.3d 17, 22–26 (1st Cir. 2005) (court did not plainly err in finding that the defendant, whose IQ was within the range of mild mental retardation and who suffered from brain dysfunction, was competent to enter a guilty plea and that the plea was voluntary, knowing, and intelligent); *Bailey v. Weber*, 295 F.3d 852 (8th Cir.2002) (defendant's guilty plea was voluntary and knowing, even though defendant was mildly mentally retarded); *Miles v. Dorsey*, 61 F.3d 1459, 1472–74 (10th Cir.1995) (defendant was competent despite evidence he was of low intelligence and has a history of mental problems).

[¶ 11] Pixler does not argue he is incompetent, and he presented very little evidence to support his argument that he was not capable of knowingly and voluntarily entering a guilty plea. Pixler submitted an affidavit from his psychologist, in which the psychologist stated Pixler has limited intellectual ability; he has difficulties with comprehension, judgment, and decision-making; and he has been diagnosed with mild mental retardation, mood disorder, and attention-deficit/hyperactivity disorder. Pixler also submitted his education plan, showing he is in the twelfth grade, he reads at approximately a third-grade level, and he has been employed in the past.

[¶ 12] The district court found there was nothing to suggest to the court at the time Pixler entered his plea that he was incompetent or that he did not understand

the proceedings. Pixler gave appropriate responses to the court's questions and did not give the court any reason to question his competency or question whether his plea was knowing and voluntary. The transcript of the proceedings shows Pixler answered the court's questions intelligently and unequivocally, and he indicated he understood the charges, the possible penalties, and his rights. The district court noted Pixler was nineteen years old at the time he entered the plea, he was an adult, there was no evidence that he had a legal guardian, and he had not been declared incompetent or incapable of making his own legal decisions. Pixler did not request an evidentiary hearing to present further evidence on this issue, and there is not an affidavit from Pixler stating that he did not understand the proceedings.

[¶ 13] Pixler has the burden of proving a withdrawal of his plea is necessary to correct a manifest injustice. *Millner*, 409 N.W.2d at 643. On this record, we cannot say that Pixler's plea was not knowing, voluntary, and intelligent or that he was not capable of knowingly, voluntarily, and intelligently entering a guilty plea. We conclude the district court's decision is not arbitrary, unreasonable, or unconscionable, and therefore the court did not abuse its discretion by denying Pixler's motion to withdraw his guilty plea.

### III

[¶ 14] We affirm the criminal judgments.

[¶ 15] DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result