2015 ND 61

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Carrie Jean BERG, Defendant and Appellant.**

Nos. 20140175, 20140176.

Supreme Court of North Dakota.

March 24, 2015.

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; submitted on brief.

Lee M. Grossman, Valley City, ND, for defendant and appellant; submitted on brief.

McEVERS, Justice.

[¶ 1] Carrie Jean Berg appeals from criminal judgments entered on guilty pleas for two counts of gross sexual imposition against a minor child. We affirm the district court's judgments. We conclude Berg waived her factual argument regarding the application of the statute of limitations, by voluntarily pleading guilty with knowledge of the factual dispute. We further decline to notice obvious error with regard to Berg's argument that the district court sentenced her in excess of a plea agreement she alleges existed.

I

[¶ 2] In 2012, a Fargo police detective investigated a disclosure by a minor child that his mother, Berg, had sexually molested him. During the investigation, the detective interviewed Berg's stepson, a young adult, who alleged Berg had also sexually molested him in 1997, when he was fourteen years old. Berg was charged with two counts of gross sexual imposition against the young adult. In a separate case, Berg was charged with one count of gross sexual imposition against the minor child. Berg initially pled not guilty in both cases. Berg moved to dismiss the case regarding the young adult, claiming the statute of limitations had run. The district court held two hearings on Berg's motion to dismiss. At the conclusion of the second hearing, the district court requested both parties submit briefs addressing whether the application of the statute of limitations was a question of fact for a jury or a question of law for the court. Subsequently, the district court concluded the application of the statute of limitations was a factual issue for the jury and denied Berg's motion to dismiss. On December 13, 2013, at a change of plea hearing, the State moved to amend the charges from AA felonies to A felonies, and moved to dismiss the second count involving the young adult. Berg pled guilty to one count of gross sexual imposition against the young adult and the district court dismissed the second count. Additionally, Berg pled guilty to one count of gross sexual imposition against the minor child. The State and Berg jointly recommended a sentence of five years of incarceration, with all but eighteen months suspended, and ten years of supervised probation. At the sentencing hearing on April 14, 2014, the court sentenced Berg to ten years of incarceration with five years suspended and ten years of supervised probation. Berg appealed.

II

[¶ 3] Berg argues the district court erred when it concluded the application of the statute of limitations was a factual issue for the jury. The State argues Berg waived the statute of limitations issue when she entered an unconditional plea of guilty. In the alternative, the State argues the district court did not err in concluding the application of the statute of limitations was a factual issue for the jury because factual issues existed as to when the offense was reported to law enforcement. Further, the State argues the application of the statute of limitations to this case requires the district court consider factual matters beyond the face of the information.

[¶ 4] The applicable statute of limitations for cases relating to the prosecution for sexual abuse of a minor provides:

A prosecution for violation of sections 12.1–20–03 through 12.1–20–08 or of section 12.1–20–11 if the victim was under eighteen years of age at the time the offense was committed must be commenced in the proper court within seven years after the commission of the offense or, if the victim failed to report the

offense within this limitation period, within three years after the offense was reported to law enforcement authorities.

N.D.C.C. § 29–04–03.1. "[T]he State must prove compliance with the statute of limitation by a preponderance of the evidence." *State v. Tibor,* 373 N.W.2d 877, 883 (N.D.1985).

[¶ 5] Berg moved to dismiss, presumably under N.D.R.Crim.P. 12, on the grounds that the charges regarding the young adult were barred by the statute of limitations. The district court denied Berg's motion to dismiss the case in favor of a jury determination as to the application of the statute of limitations and scheduled the matter for trial. Thereafter, Berg voluntarily pled guilty, without reserving a challenge to the court's determination. "[G]enerally, voluntarily pleading guilty waives all nonjurisidictional defects allegedly occurring before the guilty plea." *Bell v. State,* 1998 ND 35, ¶ 14, 575 N.W.2d 211. However, "[i]t is a well-established rule that subject matter jurisdiction cannot be conferred by agreement, consent, or waiver; and jurisdictional defects are not waived by a plea of guilty." *State v. Tinsley,* 325 N.W.2d 177, 179 (N.D.1982). "It is equally well established, however, that a guilty plea constitutes an admission of all the facts alleged in the information and an admission of all of the essential elements of the crime charged." *Id.* at 179–80. "[T]he statute of limitations in a criminal case is a jurisdictional *fact* which creates a bar to prosecution." *State v. Hersch,* 445 N.W.2d 626, 629 (N.D.1989) (emphasis added). "Our decisions thus follow the rule that an information that shows on its face that the prosecution is barred by the statute of limitations fails to state a public offense and is noticeable for the first time on appeal." *Id.*

[¶ 6] In *Hersch,* the statute of limitations was not raised in the trial court and the defendant was allowed to raise the issue for the first time on appeal. *Id.* Like the present case, *Hersch* dealt with a factual dispute over the timing of the commission of the crimes alleged. *Id.* at 634. As noted in *Hersch,* "[w]hen there are issues of fact concerning whether the applicable statute of limitations has run, it is appropriate for the trial court to instruct the jury on the matter." *Id.* Hersch was granted a new trial on several charges, because failure to instruct the jury regarding the statute of limitations was obvious error. *Id.* at 635.

[¶ 7] This case is distinguishable from *Hersch* because here the statute of limitations issue was raised to the district court and the district court ruled it was an issue for the jury to decide. Unlike *Hersch,* Berg pled guilty prior to trial, so the district court did not have an opportunity to instruct a jury. Here, the applicable statute of limitations is dependent upon a factual determination of when the victim reported the offense. *See* N.D.C.C. § 29–04–03.1 (stating the prosecution "must be commenced in the proper court within seven years after the commission of the offense or, if the victim failed to report the offense within this limitation period, within three years after the offense was reported to law enforcement authorities").

[¶ 8] A defendant may knowingly waive a factual issue regarding jurisdiction by pleading guilty and admitting the facts alleged. *See Tinsley,* 325 N.W.2d at 181. Under N.D.R.Crim.P. 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[1] "A factual

---

1. N.D.R.Crim.P. 11(b) was amended, effective March 1, 2014, to include a provision requir-

ing a court to determine that the defendant either:

basis is a statement of facts to assure the defendant is guilty of the crime charged." *State v. Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595. "To establish a factual basis for the plea, the court must ascertain that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *Froistad v. State*, 2002 ND 52, ¶ 19, 641 N.W.2d 86 (quotation marks omitted). The three ideal methods for establishing a factual basis include:

> First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge.

*Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595; *see also Mackey v. State*, 2012 ND 159, ¶ 12, 819 N.W.2d 539. In *Mackey*, we concluded N.D.R.Crim.P. 11(b)(3) does not require the district court directly address the defendant when it determines the factual basis for the plea. 2012 ND 159, ¶ 9, 819 N.W.2d 539. Further, we looked to federal authorities and stated "[i]n addition to questioning the parties, a trial court may conclude that a factual basis exists from anything that appears on the record." *Id.* at ¶ 13 (quotation marks omitted); *see also State v. Glaser*, 2015 ND 31, ¶ 27, 858 N.W.2d 920 ("Relying on the contents of the entire record in finding a plea's factual basis is consistent with the language of Rule 11(b)(3).").

[¶ 9] Here, the State read the factual basis for the charge, which was essentially the language included in the amended information. The amended information provides as follows:

> [O]n or about between December 28, 1992 and June 30, 1997: The defendant willfully engaged in sexual contact with another or willfully caused another to engage in sexual contact and the victim was less than fifteen years old to-wit: that on or about the above-stated date, the defendant, CARRIE JEAN BERG, had repeated sexual contact with then minor child . . . .

Although the amended information did not include the date the offense was reported, after the State read the factual basis for the charges, Berg's attorney requested the district court take judicial notice of the day and a half of testimony it heard about the statute of limitations issue, to supplement the factual basis for the pleas. The district court replied, "Well, yes, I certainly am, particularly in that file, I am quite familiar with the basic facts and in light of what's been said today, I'm satisfied there is a factual basis. . . ." The district court then asked Berg whether she agreed that the statement of facts, as outlined by the State, was essentially accurate. Berg indicated the statement of facts was correct and the district court accepted her guilty pleas.

[¶ 10] There was extensive testimony regarding the timing of when the offense was reported to law enforcement at the June 14, 2013, and July 19, 2013, hearings

---

(A) acknowledges facts exist that support the guilty plea; or
(B) while maintaining innocence, acknowledges that the guilty plea is knowingly, voluntarily and intelligently made by the defendant and that evidence exists from which the trier of fact could reasonably conclude that the defendant committed the crime.

N.D.R.Crim.P. 11(b)(4). We decline to apply this version of N.D.R.Crim.P. 11 here, because the change of plea hearing in this case occurred on December 13, 2013, before the current rule went into effect.

on Berg's motion to dismiss. There was testimony presented in these hearings that would support a finding that the offenses were reported within the statute of limitations. Because a district court may consider the entire record in finding a plea's factual basis, the district court in this case could consider the testimony at the earlier hearings regarding the date the offense was reported, when it determined a factual basis existed for Berg's guilty plea. In fact, at the change of plea hearing, Berg's attorney requested the district court take judicial notice of the testimony at the two motion hearings to further supplement the record. As such, we conclude the date of the offense occurring within three years after being reported to law enforcement is part of the factual basis for Berg's guilty plea and was, therefore, within the statute of limitations. When Berg voluntarily pled guilty, she agreed to the factual basis for the charge. Berg did not object to the factual basis before the district court, nor does she dispute the factual basis on appeal. In pleading guilty, Berg knowingly waived any factual dispute regarding the statute of limitations. Therefore, we need not further address whether the trial court erred in denying Berg's motion to dismiss.

### III

[¶ 11] Berg argues the district court committed obvious error by sentencing her in excess of the plea agreement. Berg requests this Court remand to the district court in order to sentence her in accordance with the plea agreement. The State contends the parties entered into a nonbinding recommendation of sentence under N.D.R.Crim.P. 11(c)(1)(B), not a binding plea agreement under N.D.R.Crim.P. 11(c)(1)(A) or (C).

[¶ 12] "A district court is afforded wide discretion in sentencing." *State v. Henes*, 2009 ND 42, ¶ 6, 763 N.W.2d 502. This Court will not vacate a district court's sentencing decision unless "the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence." *Id.* Plea agreements are governed by N.D.R.Crim.P. 11(c). "A nonbinding recommendation of sentence and a binding plea agreement under N.D.R.Crim.P. 11[(c)] are significantly different." *Peltier v. State*, 2003 ND 27, ¶ 10, 657 N.W.2d 238. "If the parties agree to a nonbinding recommendation of sentence, the State fulfills its obligation when it makes the specified nonbinding recommendation, and the trial court may impose a harsher sentence than the one recommended without allowing the defendant to withdraw the guilty plea." *Id.*

[¶ 13] "After the court has accepted a guilty plea and imposed a sentence, the defendant cannot withdraw the plea unless it is necessary to correct a manifest injustice." *State v. Pixler*, 2010 ND 105, ¶ 6, 783 N.W.2d 9. Berg did not move the district court to withdraw her guilty plea, nor does she request to withdraw her plea on appeal. Rather, Berg contends this Court should remand to the district court, requiring it sentence her under the plea agreement. Because Berg did not raise this argument below, she requests this Court conclude the district court committed obvious error by sentencing her in excess of the plea agreement. "To establish obvious error, the defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights." *State v. Demarais*, 2009 ND 143, ¶ 17, 770 N.W.2d 246. "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *State v. Bethke*, 2009 ND 47, ¶ 25, 763 N.W.2d 492.

[¶ 14] There is no written plea agreement or recommendation of sentence in the record. The transcripts of the change of plea and sentencing hearings show Berg and the State entered into a nonbinding recommendation of sentence, not a binding plea agreement. At the December 13, 2013, change of plea hearing, the parties' attorneys and court referred to an agreement that, if Berg pled guilty, the State would dismiss one count of gross sexual imposition, in order to recommend a certain nonbinding sentence:

MR. YOUNGGREN: ... I think what we're going to have to do here is a plea to two A Felonies. We are—we're anticipating a joint recommendation of the time to serve of being 18 months, followed by ten years of supervised probation. And it will have to be to Count 2 in 376, the A Felony and then I will have to file an amendment in 576 that makes that an A Felony as well, otherwise we run up against the minimum mandatory time. And so that's the parties' intent that a plea be done today....

...

MR. HANKEY: ... our intention is to plead to two A Felonies and the agreement is for ten years all suspended but 18 months and then followed up with probation and then the mandatory registration.

THE COURT: ... I'm certainly not going to interfere with the agreement that has been reached among the parties, which in turn causes me to say that in both cases the amendments are approved....

At the change of plea hearing, the district court ensured Berg was aware that the recommendation of sentence was nonbinding on the court:

THE COURT: ... once that presentence investigation is completed and we're ready to go, even though your lawyer on your behalf in discussions with the State, they've agreed on a joint recommendation and I've already been told what that's going to be, you realize that no Judge is required to accept a joint sentencing recommendation.

THE DEFENDANT: Yes, I do.

THE COURT: And I'm—this is a decision I just haven't made yet, but—and I'm not telling you that I'm not going to accept.it, but I need to confirm that you realize that I would have the ability to reject the joint recommendation.

THE DEFENDANT: I sure do, Your Honor.

THE COURT: And you also understand, and again, I'm not saying this would happen, but it could happen, that I would impose a sentence that is more severe than what has been recommended.

THE DEFENDANT: I understand.

THE COURT: And you realize that should that happen, that would not give you the automatic basis for withdrawing any guilty plea once it's been entered.

THE DEFENDANT: Yup.

THE COURT: We've been talking about the agreement that presumably one day will result in a joint sentencing recommendation, other than that—other than that agreement, have you been promised anything at all in exchange—

THE DEFENDANT: No.

[¶ 15] Berg did not object to the district court's or State's characterization of the agreement as a nonbinding recommendation of sentence. Further, at the conclusion of the hearing, Berg's attorney again confirmed the agreement was a nonbinding recommendation: "I guess the only position I have is I understand that what the maximums are on these and I want to do

everything we can to make sure the Court follows the joint recommendation on our behalf and present a strong case."

[¶ 16] The transcript of the sentencing hearing, on April 14, 2014, also shows all of the parties were aware the recommendation of sentence was nonbinding on the court:

MR. YOUNGGREN: Now, I do know this, here is our sentence recommendation. I think the Court is already aware of what it's going to be. Mine is ten years, first to serve 18 months. I think this is the only area that will differ slightly from the defense. They're going to recommend 15 months, which is essentially a time served sentence.

. . .

THE COURT: ... I just want to confirm fundamentals, the guilty pleas were entered with the understanding that the State would make the recommendation that it just made.

MR. HANKEY: Correct.

THE COURT: But with no other promises or guarantees.

MR. HANKEY: That's correct, Your Honor.

THE COURT: And ultimately, the sentence, that's something I'm going to have to rassle with.

MR. HANKEY: Correct.

. . .

THE COURT: And that's the way the guilty pleas were entered.

MR. HANKEY: Yes.

. . .

MR. HANKEY: And this is obviously a difficult situation to be in and we understand that that's how—that's how Cass County, for the most part, does things is either through joint recommendations or to cap the prosecutor's recommendation that the Court is not bound. And I guess I just want to let the Court know the painstaking negotiations that I went through with Mr. Younggren....

. . .

[W]ell, we would ask the Court to accept our recommendation, but not go any higher than Mr. Younggren's recommendation....

. . .

THE COURT: ... I understand and respect the positions of both attorneys. I agree that they are both very good and experienced lawyers. I'm satisfied that they worked long and hard and made what they both deemed to be an appropriate recommendation, but I cannot accept that recommendation and I do not accept that recommendation. There needs to be more time served....

[¶ 17] The record establishes that the district court and the parties were aware the parties entered into a nonbinding recommendation of sentence. Both Berg and her attorney confirmed they understood the recommendation of sentence was nonbinding when asked by the court about the recommendation. We have previously held, when parties agree to a nonbinding recommendation of sentence, the district court may impose a harsher sentence than the one recommended, without allowing the defendant to withdraw the guilty plea. See Bay v. State, 2003 ND 183, ¶ 12, 672 N.W.2d 270 (stating the State fulfills its obligation when it makes the nonbinding recommendation and the district court may impose a harsher sentence without allowing the defendant to withdraw the guilty plea). As a result, we conclude the district court was not bound by the joint recommendation of sentence and had discretion to sentence Berg in excess of the recommendation, without allowing her to withdraw her guilty plea. We conclude the district court did not err in sentencing

Berg in excess of the recommendations to the district court.

## IV

[¶ 18] We affirm the district court's judgments, concluding Berg waived her arguments regarding the statute of limitations, when she knowingly pled guilty and agreed to the factual basis. We further decline to notice obvious error, regarding Berg's argument that the district court erred by sentencing her in excess of a plea agreement she alleges existed.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.